302 P.2d 735

Application of M. T. BROWN and C. V. Hoke, Protested by Chester E. Barnett, File P-795.

Chester E. BARNETT, Appellant, Cross-Appellee,

v.

M. T. BROWN and C. V. Hoke, Appellees, S. E. Reynolds, State Engineer of the State of New Mexico, Respondent, Cross-Appellant.

No. 6105.

Supreme Court of New Mexico.
Oct. 18, 1956.

Morgan & Morgan, Portales, Smith & Smith, Fred C. Tharp, Clovis, for appellant and cross-appellee.

Richard H. Robinson, Atty. Gen., Charles D. Harris and Jack L. Love, Sp. Asst. Attys. Gen., for respondent and cross-appellant.

Hartley & Buzzard, Clovis, for appellees.

McGHEE, Justice.

As this appeal is presented to us, the issues are precisely the same as those raised and passed upon in our decision filed August 15, 1956, in the appeal styled: In the matter of the Application of Sam Johnson, Protested by Chester Plummer, H. L. McCrary, C. A. Tevis and H. J. McCrary, File P–1287. Chester Plummer, et al., v. Sam Johnson and S. E. Reynolds, State Engineer of the State of New Mexico, our docket No. 6113, which decision controls disposition of this appeal.

The judgment of the lower court is reversed with direction to the trial court to reinstate the case upon its docket and to proceed in accordance herewith under the aforesaid decision.

It is so ordered.

COMPTON, C. J., and LUJAN and KIKER, JJ., concur.

SADLER, Justice (dissenting).

This will announce my disagreement with the conclusion reached by the majority. It became apparent to me after reading the briefs in support of motion for rehearing in Plummer v. Johnson, N.M., 301 P.2d 529, 531, recently decided, which I favored granting but which the majority denied, that under the statutes involved a party may not secure an appeal through extrajudicial efforts by simply filing with the clerk of the district court a proof of service of notice of appeal on the State Engineer and other interested parties.

Nor is it my understanding of the State Engineer's position in Plummer v. Johnson, supra, "that taking an appeal from a decision of the state engineer requires the filing of a formal application therefor and the allowance of the same by the district court," as stated in the opinion in the case above mentioned. In their brief filed in that case, counsel had stated:

"There is no reason for advance notice to the State Engineer or the other interested parties of the filing of an appeal. The statute does not contemplate that the question of whether an appeal should be granted is subject to litigation. The statute confers an unconditional right of appeal to the district court from any decision of the State Engineer."

This statement seems inconsistent with the court's understanding of appellee's position in Plummer v. Johnson, above mentioned, as stated in its opinion in that case. But that is neither here nor there. The point is that a party appealing should take some action through the clerk of the district court. In other words, when the statute, 1953 Comp. § 75–6–1 calls for service of notice of appeal "in the same manner as summons in actions brought before the district courts," the meaning is clear. It requires a notice issued by the district court clerk under the seal of the court, bearing the docket number of the appeal, whether for personal service or by publication. In no other fashion may the State Engineer keep adequately informed of what is taking place and the time for future steps. Service of a notice so issued is essential to jurisdiction. See, Klema v. Neuvert, 156 Kan. 633, 135 P.2d 557.

The majority disagreeing, I dissent.