LONG, APPELLANT, *v.* BOARD OF EDUCATION OF MIFFLIN LOCAL SCHOOL DISTRICT, APPELLEE.

(No. 6852—Decided June 19, 1962.)

264

*Mr. Arthur G. Wesner,* for appellant.

*Mr. Earl W. Allison,* prosecuting attorney, and *Mr. George Ruble, Jr.,* for appellee.

BRYANT, J. This is an appeal from a judgment of the Common Pleas Court of Franklin County, Ohio, in a proceeding in which Helen Faye Long, appellant herein, was plaintiff, and the Board of Education of Mifflin Township, Franklin County, Ohio, appellee herein, was defendant. Mrs. Long, who claimed to hold a continuing contract under the provisions of the Ohio Teachers' Tenure Act (Section 3319.08 *et seq.,* Revised Code), was not employed for the 1956-1957 school year by the board of education. She claimed she was illegally discharged and sued the board of education for $4,200 damages.

The court below sustained a demurrer to the second amended petition and subsequently dismissed the case. Mrs. Long filed notice of appeal to this court seeking a reversal of the judgment of the court below.

The sole question for determination by this court is whether the second amended petition states a cause of action. There is not and there cannot be any dispute as to the facts for the reason that defendant, by filing a demurrer to the second amended petition, admits the truth of all the material allegations of the petition and all reasonable inferences arising therefrom.

In passing upon the demurrer, it became the duty of the trial court to construe the allegations of the petition in favor of the plaintiff so far as reasonably possible.

Referring to the second amended petition, we note that Mrs. Long alleges, and it must be taken as true, that she obtained a State Life Elementary Teaching Certificate on December 28, 1933, authorizing her to teach in all grammar school throughout the state, and that at all times mentioned in the second amended petition she was a duly and fully qualified public school teacher.

The petition alleges in some detail the public corporate capacity of the Board of Education of Mifflin Local School District. It alleges also that the board, in the period between 194 (more than eight years after she received her State Life Teaching Certificate) and 1954, entered into four teaching contract

with Mrs. Long, one described as a continuing contract and three described as limited contracts.

The dates upon which these contracts were entered into, the type of contract, and the duration thereof are as follows:

(a) May 14, 1942—continuing contract—duration for life or until resignation, retirement or discharge under Section 7896-34, General Code;

(b) June 20, 1952—limited contract—duration for one year for 1952-1953 school year;

(c) March 25, 1953—limited contract—duration for one year for 1953-1954 school year; and

(d) April 21, 1954—limited contract—duration two years for 1954-1955 and 1955-1956 school years.

The petition alleges further that Mrs. Long fully and faithfully performed all the duties required of her under the several contracts but that on April 10, 1956, she received a written notice from the board notifying her that her teaching contract would be terminated at the end of the 1955-1956 school year. The petition alleged that "termination of said contract was made by the defendant without cause and without preferring charges against the plaintiff or granting her a hearing thereon after she had made a demand, in writing, for such a hearing."

The petition alleges further "that by virtue of the contracts above mentioned, and their respective dates of execution, plaintiff's contract of April 21, 1954, must be construed as a continuing contract, and in existence during the school year 1956-1957."

The petition alleges also that "plaintiff was ready and willing to teach for said school district for the school year 1956-1957, and had offered to do so, but that said district, through its officers and agents, had prevented plaintiff from continuing her activities as a teacher."

The petition concludes with the allegation that Mrs. Long has sustained damage in the amount of $4,200, presumably the amount of salary she would have received for the school year of 1956-1957; that nothing whatever has been paid her for that school year; that on December 12, 1957, Mrs. Long, through her attorney, made formal demand on the board for the amount due her; and that on April 10, 1959, Mrs. Long received a written notice from the Prosecuting Attorney of Franklin County,

Ohio, "that her claim had been denied in its entirety by the defendant." The petition prays for a judgment against the defendant for $4,200 and costs.

Counsel for the board filed a demurrer to the second amended petition "for the reason that it [the petition] does not state facts which show a cause of action." The single error assigned on behalf of Mrs. Long reads as follows:

"The Common Pleas Court of Franklin County, Ohio, erred in the following particulars:

"1. In holding that the appellant has no remedy in a court of law to recover damages for her removal from a teaching position, which removal was accomplished in violation of Section 3319.16, Revised Code."

As previously indicated, the sustaining of the demurrer and the dismissal of the entire proceeding constitute the final order from which an appeal to this court has been taken by Mrs. Long. The court below held, quite properly, that the operative facts alleged in the petition and inferences arising therefrom, for the purpose of considering and deciding a demurrer, must be taken as true.

It was contended on behalf of Mrs. Long that, because she held a life certificate dated December 28, 1933, authorizing her to teach in grammar schools throughout the state, and because she was awarded a continuing contract on May 14, 1942, followed by one-year contracts on June 20, 1952, and March 25, 1953, the awarding to her on April 21, 1954, of a two-year limited contract, in fact, granted her a lifetime or continuing contract which carried over through the school year of 1956-1957. It was further urged that the only way this could be terminated was in accordance with the provisions of Section 3319.16, Revised Code, and that the board made no effort to comply with the latter section.

On behalf of the board, it is admitted that whether Mrs. Long held a continuing contract or whether she held a two-year limited contract, the provisions of Section 3319.16, *supra,* were applicable, and, not having been complied with, the attempted termination of the contract was illegal.

The court below agreed, and in its decision held that "the defendant's termination of the contract was illegal," and that the provisions of Section 3319.16, *supra,* giving her the right to

a hearing and requiring as a prerequisite the filing of written charges were applicable in the case of Mrs. Long. The trial court's decision reads in part as follows:

"It is clear then that an attempted termination of a teacher's contract without giving reasons therefor, is contrary to the statutory provisions and invalid.

"No reasons for the board's action being given, no hearing was necessary or called for. Plaintiff had an adequate remedy by appealing to a Court of Equity to compel the board by mandamus proceedings to re-employ her. According to the petition, *she was re-employed the following year and is still so employed and, as before stated, she seeks compensation for the year in which she was not employed, owing to the illegal termination of her contract.*

"Having failed to avail herself of the remedy in the form of mandamus, she stood by, *waiting until long after her reinstatement,* when she filed the present suit. *Of course, at this time a suit in mandamus would be a vain thing since plaintiff is already re-instated,* but the remedy was available when it would have been useful and effective, and at that time she had no adequate remedy at law. Now, when the then available remedy cannot afford adequate relief, she resorts to an action at law as her only remedy." (Emphasis added.)

The trial court stated that Mrs. Long could have brought an action in mandamus against the board of education compelling it to restore her to her position as a public school teacher. The trial court stated further that the fact that Mrs. Long was apparently voluntarily put back to work by the school board for the 1957-1958 school year, after being deprived of her job for one year, has the effect of making an action in mandamus under the circumstances a vain and useless thing. The trial court stated that because Mrs. Long had let the year go by without filing an action in mandamus, she was barred of any right to bring a suit for damages to collect the salary which was lost to her by the allegedly illegal action of the board.

Counsel for the school board argue that the trial court was correct in holding that Mrs. Long cannot sue the school board for damages for lost wages. They contend that under the common law, a teacher lacked the power to bring such an action for damages against a board of education for loss of salary even

though entitled to it under an express contract. It is further contended that although teachers were given the right to sue under the provisions of former Section 7708, General Code, that section has been repealed and was not re-enacted, and hence school teachers may not maintain damage actions under circumstances present in this case.

It is true that former Section 7708, General Code, which authorized teachers to sue boards of education for salary illegally kept from them, has been repealed. The Ninety-Fourth General Assembly of Ohio, on May 15, 1941, passed House Bill No. 121 (119 Ohio Laws, 451, 457), enacting the Teachers' Tenure Act (now Section 3319.08 *et seq.*, Revised Code) and also repealing Section 7708, General Code.

Whether Mrs. Long could bring an action in mandamus need not be decided at this time, for both parties agree that after a one-year enforced vacation without pay, she has been re-employed by the board. We do not believe that the repeal of former Section 7708, General Code, has taken away the right to sue for damages under circumstances such as are present in this case.

The Supreme Court of Ohio in two cases has upheld the right of a school teacher to bring a suit for damages and in both cases all the operative facts took place after the date on which Section 7708, General Code, was repealed.

The first of these is the case of *Poehls v. Young et al., Board of Education* (1945), 144 Ohio St., 604. In the *Poehls case* *supra*, the plaintiff was a public school teacher who previously had brought a suit in mandamus against the Youngstown City Board of Education to require that board to give her a continuing contract and re-employ her. At the conclusion of the prior mandamus action, the trial court ordered the board to enter into a continuing contract with the plaintiff. The trial court's order was allowed to become final, but the board of education nevertheless refused to enter into any contract with plaintiff. It was one year after the mandamus order had become final that the petition in the *Poehls case, supra*, was filed asking for $2,000 damages, being the amount claimed to be due her as salary for the year 1941-1942. Her right to bring the action for damages was upheld by the Supreme Court of Ohio in the *Poehls case*, the second paragraph of the syllabus reading as follows:

"2. Where a board of education failed and refused to enter into a continuing contract with a teacher possessing the qualifications prescribed by Section 7690-2, General Code, and further failed and refused to assign such teacher a place to teach, thereby depriving the teacher of employment during the school year 1941-42, *the board of education is liable for the amount of salary the teacher would have received for that year had the board complied with the provisions of the statute.*" (Emphasis added.)

In the course of the opinion, the court at page 611 said:

"*The trial court did not err in concluding that plaintiff was entitled to her salary for the school year 1941-1942.*" (Emphasis added.)

The second case is *Roller* v. *Patrick et al., Board of Education* (1945), 145 Ohio St., 572, in which plaintiff brought suit in the Common Pleas Court of Mahoning County, Ohio, on August 24, 1942, against the Youngstown City Board of Education, and the cause was submitted to the court upon the pleadings and evidence, "*a jury having been waived.*" (Emphasis added.)

In the statement of facts in the *Roller case, supra,* at page 573, there appears the following:

"The plaintiff, claiming her right to salary for two years, during which she was entitled to a continuing contract under the Teachers' Tenure Act, prays that there may be declared to be due her from the defendants the sum of $2,000 for the school year 1941-1942 and $2,000 for the school year 1942-1943, with interest; that she may be permitted to accept such amounts without prejudice to her right to salary for future years up to the retirement age; and that the defendants be ordered and directed to pay the plaintiff the amount due but only in the event that the court determines that she may accept the same without prejudice to claims for salary for subsequent years."

In the *Roller case, supra,* the final three paragraphs of the syllabus read as follows:

"1. The plaintiff's second amended petition states facts sufficient to warrant recovery of her salary for those two school years and by supplemental petition she is entitled to bring in subsequent installments of salary that have become due and payable during the pendency of the action.

"2. The second amended petition does not state a cause of action for a declaratory judgment.

270

"3. On the undisputed facts as stated plaintiff is entitled to recover the salary that would have been due and payable had the continuing contract been entered into as required by statute. *(James v. Allen County,* 44 Ohio St., 226, distinguished.)"

The court distinguished the case of *James* v. *Allen County,* 44 Ohio St., 226, holding it was not applicable to the case then before it for the reasons, as indicated in the opinion at page 576:

"In that case the rights were determined according to the principles of the common law. In the instant case the rights of the parties must be determined according to the provisions of the Teachers' Tenure Act, Section 7690-1 *et seq.* (119 Ohio Laws, 451), now Section 4842-7 *et seq.,* General Code (120 Ohio Laws, 540). This difference in approach is the pivotal point on which the instant case turns."

The opinion contains the following statement at page 579:

"Applying the principle pronounced in *Poehls* v. *Young, supra,* we hold that the board of education is liable for the amount of salary the plaintiff would have received, if the board had in all respects complied with the applicable statutory provisions. * * *"

Again there appears the following statement at page 580:

"After all, this decision must rest upon the evidence. The undisputed facts do not entitle plaintiff to a declaratory judgment *but do entitle her to a judgment for the salary that would have been due and payable had the continuing contract been entered into as required by statute."* (Emphasis added.)

As we see it, all parties agree that had Mrs. Long brought an action in mandamus against the board at the time it undertook to terminate her contract without compliance with the provisions of Section 3319.16, Revised Code, *supra,* she would have been entitled to prevail.

Under similar circumstances, the Supreme Court of Ohio twice has expressly held that a teacher is entitled to maintain an action for damages for salary lost. The only difference here is that apparently the board, after keeping the teacher idle for one year without compensation, has since re-employed her making an action in mandamus a useless thing.

We conclude, therefore, that the court below committed prejudicial error in sustaining the demurrer to the second amended petition and dismissing the cause of action, and the

the judgment of the court below must be reversed, and the cause remanded to the court below with directions to overrule the demurrer and to proceed thereafter in accordance with law.

*Judgment reversed.*

DUFFEY, P. J., and DUFFY, J., concur.