405 P.2d 229

**BELEN MUNICIPAL BOARD OF EDUCATION, Plaintiff-Appellant,**

v.

*Manuel SANCHEZ, Defendant-Appellee.*

**No. 7579.**

Supreme Court of New Mexico.

Aug. 23, 1965.

Chavez & Cowper, Belen, for appellant.

Avelino V. Gutierrez, R. J. Matteucci, Albuquerque, for appellee.

NOBLE, Justice.

This is the second case to reach this court concerning the discharge of Manuel S. Sanchez, a tenure teacher, by the Belen Board of Education (hereinafter termed local board). Mandamus to compel the local board to reinstate Sanchez as a teacher was denied in Sanchez v. Board of Education of Town of Belen, 68 N.M. 440, 362 P.2d 979, on the ground that Sanchez had not exhausted his statutory remedy.

It appeared in that case that neither a notice of the local board's determination to discontinue Sanchez' services nor written charges, together with written notice of the time and place of hearing such charges, was served on Sanchez as required by Ch. 71, Laws 1955 (§ 73-12-13, N.M.S.A.1953) then in force. The apparent reason for the local board's failure in this regard was due to the fact that Sanchez had applied for retirement (under the erroneous impression that he could and would be forced to retire unless he took the initiative). We held such retirement to be involuntary and specifically reverted the status of the parties to the date of the written notice of retirement, May 8, 1958, so that the statutory notices might be given Sanchez by the local board if it still desired to dismiss him. This appeal turns on whether the local board followed the direction of this court and the dismissal procedure provided by Section 1, Ch. 71, Laws 1955.

The record discloses that Sanchez was discharged by the local board on April 7, 1962, as of the close of the school year 1957-58. Under the authority of § 1(c), Ch. 71, Laws 1955, he appealed such dismissal to the State Board of Education, which found that the local board had failed to comply with the statutes and rules of procedure covering the discharge of tenure teachers, to Sanchez' prejudice, and reversed the order of dismissal of the local board. The state board's decision was appealed to the district court by the local board. The court found that the local board had failed to comply with the ap-

plicable statutes and rules of procedure, and that neither a notice of dismissal nor a written statement of the cause or causes for dismissal were served on Sanchez, as required by law and by the decision of this court. A judgment ordered reinstatement of Sanchez as a tenure teacher and awarded him salary from 1958. The local board has appealed.

■ The local board complains that the state board was without jurisdiction to reverse it because of a failure to find by specific language a "substantial" departure from the rules governing the discharge of tenure teachers. We cannot agree, because the state board made the necessary jurisdictional findings as required by the statute, although not in its exact language. Cf. Continental Oil Co. v. Oil Conservation Com'n, 70 N.M. 310, 373 P.2d 809.

■ The argument that the district court erred in substituting its opinion for that of the local board may also be summarily disposed of. The court was authorized to and did determine whether the local board followed statutory procedures and the direction of this court. We are impressed that the basic issue before us is whether the trial court's findings of fact are supported by substantial evidence. A careful review of the record convinces us that there is substantial evidence to support the controlling finding that the local board failed to serve upon Sanchez a notice of his discharge fixing a date for a hearing and containing a statement of the cause or causes for such discharge as required by § 1, Ch. 71, Laws 1955, and the direction of this court in Sanchez v. Board of Education of Town of Belen, supra.

■ The only notice of hearing was a letter from the local board's attorneys to counsel for Sanchez referring to the Sanchez decision by this court and requiring Sanchez to advise them within ten days if he wanted a hearing on charges against him. The local board argues that evaluation reports in 1958 by a school principal and a supervisor, addressed "To Whom It May Concern," copies of which were sent to counsel for Sanchez in August, 1958, constitute the written statement of the cause or causes for his dismissal. The letter by which these evaluation reports were transmitted referred to them as formal charges on file with the local board, and also advised that there were complaints and observations made against Sanchez by school patrons and parents. A prerequisite to the discharge of a tenure teacher is the written notice of his discharge. We find no such notice in the record. The evaluation reports made by teachers to the board are insufficient to constitute the statement by the board of the causes for dismissal required by the statute. The purpose of the direction by this court that the status of the parties revert to a date in May, 1958, was to give the local board an opportunity to give the statutory notices. It has failed to do so.

■ It is pointed out that the district court permitted the production of new and additional evidence on the appeal from the state board's decision. On authority of Continental Oil Co. v. Oil Conservation Com'n, supra, and Kelley v. Carlsbad Irrigation District, 71 N.M. 464, 379 P.2d 763, we conclude that § 73–12–13(C), N.M. S.A.1953, (§ 1(c), Ch. 71, Laws 1955) did not permit the district court, in reviewing a decision of the state board of education, to hear new or additional evidence. However, at the conclusion of the reception of the evidence, the court announced that none of such evidence would be considered, and that the decision would be based solely upon the record of the proceedings before the local and state boards. We think that the court was able to disregard the additional evidence and that no prejudice resulted to the local board.

■ We agree with counsel for the local board that, on appeal from a decision of the state board of education, the district court's jurisdiction was limited to affirming or reversing the decision of that administrative agency. In entering judgment in Sanchez' favor and against the local board for the salary specified by his contract for the year 1958 to the date of the judgment, the court exceeded its appellate jurisdiction and exercised an original jurisdiction. Recovery of salary must be by an appropriate action in a court of original jurisdiction.

It follows that the judgment appealed from should be affirmed insofar as it ordered Sanchez' reinstatement as a tenure teacher, and should be reversed insofar as it rendered judgment for the amount of salary found to be due and owing to Sanchez. The cause is, therefore, remanded with instructions to proceed further in a manner not inconsistent with what has been said.

It is so ordered.

CARMODY, C. J., and CHAVEZ, J., concur.