454 P.2d 768

**Manuel S. SANCHEZ, Plaintiff-Appellant and Cross-Appellee,**

v.

**BOARD OF EDUCATION OF the TOWN OF BELEN, New Mexico, Defendant-Appellee and Cross-Appellant.**

**No. 8574.**

Supreme Court of New Mexico.

May 26, 1969.

Avelino V. Gutierrez, R. J. Matteucci, Albuquerque, for appellant.

Chavez & Cowper, Belen, for appellee.

## OPINION

HENDLEY, Judge, Court of Appeals.

This is the third case to reach this court concerning the discharge of Manuel S. Sanchez, a tenure teacher, by the Board of Education of the Town of Belen (hereinafter termed local board). The appeal is

from the decision of the district court in an action by Sanchez to recover damages measured by his unpaid salary for seven school years (1958-59 through 1964-65). The district court awarded Sanchez damages measured by his unpaid salary for three school years, 1962-63 through 1964-65, for a total of $22,541.18, plus interest at the rate of six per cent per annum from the date the salary became due, August 1, 1967. The district court action arose as a result of our order in Belen Municipal Board of Education v. Sanchez, 75 N.M. 386, 405 P.2d 229 (1965) that recovery of salary was to be by an appropriate action in a court of original jurisdiction.

■ In Sanchez v. Board of Education of Town of Belen, 68 N.M. 440, 362 P.2d 979 (1961) we stated that the status of the parties in any further proceedings in this controversy was to revert to May 8, 1958. The purpose of this reversion was to give the local board an opportunity to give the notices required by the applicable statute, N.M. Laws 1955, ch. 71, § 1(a), (b) (repealed 1967), Belen Municipal Board of Education v. Sanchez, supra. When Sanchez was discharged by the local board on April 7, 1962 this discharge reverted to May 8, 1958 and when the State Board of Education (hereinafter termed State board) reversed this discharge the status of the parties remained May 8, 1958. The status of the parties remained the same in the subsequent appeal to this court. When Sanchez accepted the decision of the State board a new contract resulted by operation of the statute. N.M. Laws 1955, ch. 71, § 1(c) (repealed 1967). The date of this new contract was May 8, 1958. The prior judicial determination of the status of the parties is controlling. See Application of Brown, 61 N.M. 471, 302 P.2d 735 (1956). The district court erred in concluding that Sanchez's cause of action arose on September 12, 1962, which was the date of the State board's decision. His cause of action arose May 8, 1958.

The district court's conclusion of law number 6 stated:

"That any delay in the determination of the rights and liabilities of the parties occassioned [sic] by the failure of the plaintiff to select a proper remedy cannot enure to the benefit of the plaintiff."

The only apparent basis for this conclusion is the doctrine of laches. Laches is an affirmative defense. Section 21-1-1(8) (c), N.M.S.A.1953; Thomas v. Pigman, 77 N.M. 521, 424 P.2d 799 (1967). The local board did not allege laches as a defense in its answer, however, we assume, but do not decide, that the defense was sufficiently raised. See 2A Moore, Federal Practice ¶ 8.27[3] at 1853 (1968); compare Posey v. Dove, 57 N.M. 200, 257 P.2d 541 (1953).

■ Taking the elements of laches as set forth in Thomas v. Pigman, supra; Velasquez v. Mascarenas, 71 N.M. 133, 376 P.2d 311 (1962) and Morris v. Ross, 58 N.M. 379, 271 P.2d 823 (1954), it is apparent that the third element, lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit, is missing in the fact situation presented here. The initial district court suit considered in Sanchez v. Board of Education of Town of Belen, supra, and filed on or about May 11, 1959 was sufficient to put the local board on notice as to the right on which Sanchez here bases his suit. Compare Roberson v. Board of Education of City of Santa Fe, 78 N.M. 297, 430 P.2d 868 (1967). The district court's conclusion of law number 6 was erroneous.

■ The local board contends it was necessary for Sanchez to bring an action in mandamus for the issuance of contracts for the school years 1958-59 through 1961-62 after the September 12, 1962 decision of the State board, and tender an acceptance for these contracts, before an action for damages for breach of these contracts would lie.

In Swisher v. Darden, 59 N.M. 511, 287 P.2d 73 (1955) a mandamus proceeding was brought by a tenure teacher for the issuance of a teaching contract after a decision by the State board that she had been dis-

charged without just cause. However, the statute in force at that time, N.M. Laws 1949, ch. 89, § 1 (repealed 1967), had no provision as did the pertinent statute here, N.M. Laws 1955, ch. 71, § 1(e) (repealed 1967), to the effect that:

"  *   *   *   The acceptance by the teacher of reemployment as contained *  *  * in the decision of the State board shall stand in lieu of the formal contract until the latter is executed."

Since there was no provision for a contract "in lieu of" a formal contract there was nothing in *Swisher* which could be construed as a contract, hence, the necessity of a mandamus action for the issuance of a contract, as a prerequisite for an action for damages for breach. Such is not the case here because as we stated previously a new contract resulted by operation of the statute.

The local board relies on Lost Creek School Tp., Vigo County v. York, 215 Ind. 636, 21 N.E.2d 58, 127 A.L.R. 1287 (1939) for support. There an action for mandamus was necessary because the court construed an Indiana statute as creating an "indefinite contract", because the contract was to continue for an "indefinite period." The New Mexico statute, however, provided a definite period and terms for the contract. The following portion of N.M. Laws 1955, ch. 71, § 1(c) (repealed 1967) states:

"  *   *   *   If the State board finds in writing that there exists a substantial departure prejudicial to the appellant-teacher from the procedures prescribed by the State board *  *  * such teacher shall be considered employed for the following year under the terms of his existing contract *  *  *."

■  Sanchez's September 12, 1962 letter accepting the State board's decision, was a sufficient acceptance of the contracts formed for the years 1958–59 through 1964–65. See N.M. Laws 1955, ch. 71, § 1(e) (repealed 1967).

■  In a cross-appeal the local board contends that after the decision of the State board Sanchez had only a contract for one year, 1958–59, under the statutory provisions. We reject this contention.

The statute did not create a continuing contract. Compare Miller v. Board of Education of Sch. Dist. Number 132, 98 Ill.App. 2d 305, 240 N.E.2d 471 (1968); Long v. Board of Education of Mifflin Local Sch. Dist., 116 Ohio App. 263, 188 N.E.2d 73 (1962). Nor did it expressly indicate that a teacher had a right to reimbursement for salary during a period while his discharge was being appealed, if such appeal resulted in reversal. Compare § 77–8–15, N.M.S.A. 1953 (Repl.1968). It only indicated that the teacher "shall be considered employed for the following year under the terms of his existing contract *  *  *." But since a contract was created for the school year 1958–59 and during 1958–59 the local board departed "from the procedures prescribed by the State board" to the prejudice of Sanchez, a new contract was created for the school year 1959–60. The local board had the burden of complying with the statutory provisions, N.M. Laws 1955, ch. 71, § 1(b) (repealed 1967), in dismissing Sanchez. This process followed for each school year through the school year of 1964–65. The reason for this procedure is that otherwise the State board would have no method of effectively forcing compliance with its decisions, if a local board were willing to pay, as damages, a tenure teacher's salary for one year after noncompliance. This result recognizes our decisions setting out the purpose of the Tenure Act to provide security of employment for the teacher. See McCormick v. Board of Education, 58 N.M. 648, 274 P.2d 299 (1954); Ortega v. Otero, 48 N.M. 588, 154 P.2d 252 (1944).

■  There is no merit to the local board's contention that this was a suit in tort against the State and therefore could not be maintained without the express consent of the state. As has been shown previously, contracts were in existence. Wrongful discharge, where there is a contract, will give rise to a cause of action for damages. Landers v. Board of Education of Town of Hot Springs, 45 N.M. 446, 116 P.2d 690 (1941).

■ The local board's last contention in its cross-appeal is that it is unconstitutional for a school board to make a donation to or in aid of any person and it is a criminal offense to pay public monies for services not rendered. Considering the first allegation, reliance is placed on Article IX, Section 14 of the Constitution of New Mexico. This section prohibits a school district from making "any donation to or in aid of any person." The local board cites no authority for the proposition that a judgment for damages for breach of contract is in any way a donation and we find no authority for this proposition. There is no "voluntary transfer" as in a donation or gift. See Webster's *Third New International Dictionary* (1961). The section is inapplicable to the situation here.

■ The local board's second allegation is that to conform to § 5-4-5, N.M.S.A. 1953 (Repl.1966), teachers they employ can only "receive their salaries or wages for services rendered" and § 40A-23-2, N.M.S.A.1953 (Repl.1964) makes it a criminal offense to pay from public funds "for wages, salary or remuneration for personal services which have not in fact been rendered." Neither of these sections concern judgments for damages. Sanchez's action was not for his salary but for damages measured by his salary for the years in question. Section 40A-23-2, supra, makes an exception if the payment is for "other lawfully authorized purposes." We think the payment of damages falls within this exception and therefore the allegation has no merit.

■ Sanchez had a contract for each of the school years, 1958–59 through 1964–65, and he was entitled to recover damages measured by his unpaid salary for each of these seven years and in addition "compensation allowed other teachers of like qualifications and experience employed in the same school system * * *." See Laws 1955, ch. 71, § 1(c) (repealed 1967). We hold further that Sanchez was entitled to interest at the rate of six per cent per annum for each of these seven years. Sec-

tion 50-6-3, N.M.S.A.1953 (Repl.1962). The contracts which were created by operation of the statute fixed a definite salary due Sanchez, as a measure of damages, and therefore the interest becomes a matter of right. Compare O'Meara v. Commercial Insurance Co., 71 N.M. 145, 376 P.2d 486 (1962).

The judgment appealed from is reversed and the cause is remanded to proceed further in a manner not inconsistent with what has been said.

It is so ordered.

NOBLE, C. J., and COMPTON, J., concur.