287 P.2d 73

Mary Alice SWISHER and I. S. Swisher, Relators-Appellees,

v.

W. B. DARDEN, Rupert Chisholm, Wilford Cothern, Mrs. J. O. Bridges and Edward E. Triviz, comprising the Board of Education of the Las Cruces School District No. 2, and the Board of Education of the Las Cruces School District No. 2, Respondents-Appellants.

No. 5942.

Supreme Court of New Mexico.

Aug. 17, 1955.

J. D. Weir, L. J. Maveety, Las Cruces, for appellants.

T. K. Campbell, Las Cruces, for appellees.

COMPTON, Chief Justice.

This is an action in mandamus instituted by appellees to compel appellants to issue a teaching contract to appellee Mary Alice Swisher, a teacher with tenure in the Las Cruces Union High School System. In their return to the Writ, respondents defend their action on the ground that the Booker T. Washington School in which she had been teaching had been discontinued as an economy measure and that there was no other position or assignment available in the system by which her further services could be utilized. Following a hearing before the court, the Writ was made permanent, directing respondents to issue her a contract for the school years 1953–54 and 1954–55, and to pay all accrued salary therefor and monthly salary thereafter until she had been

paid in full. Feeling aggrieved, appellants bring the cause here for the correction of alleged errors.

The following facts, concerning which there is no dispute, are embraced within the findings of the court. We summarize: Prior to the 1952–53 school year, the Las Cruces Union High School Board of Education operated and maintained at the Booker T. Washington School in Las Cruces a separate secondary department, division and facilities exclusively for colored students in the ninth, tenth, eleventh and twelfth grades, and appellee Mary Alice Swisher, a colored teacher, had been previously employed for nine successive years thereat under written contract, and her teaching assignments were exclusively in and confined to said department and division. She held a proper teaching certificate issued by the New Mexico State Board of Education. During the 1952–53 school year, there was such a decline in average daily attendance of colored students in the Booker T. Washington School that the governing board, in the exercise of its discretion and for reasons of economy and in keeping with good administrative practices, concluded to discontinue and abandon the department for colored students and intergrade them with the main Las Cruces Union High School, effective with the 1953–54 school year. By letter dated February 9, 1953, appellee was informed of the action of the local board and that her services would not be required after the close of the 1952–53 school year. The letter reads:

"Las Cruces Municipal Schools
C. S. Conlee, Superintendent
Las Cruces, New Mexico
February 9, 1953

"Mrs. Mary Alice Swisher
700 North Almendra
Las Cruces, New Mexico
"Dear Mrs. Swisher:

"For several months the Las Cruces Union High School Board of Education has discussed the matter of decreased enrollment of the secondary department of Washington School and the resultant high cost per pupil. It has been decided to close the high school department of Booker T. Washington School at the end of the 1952–53 term of school. The colored students in the 9th, 10th, 11th, and 12th grades will attend Las Cruces Union High School beginning in September, 1953.

"We wish to thank you for your faithful service and express the hope that you are able to secure employment.

"Sincerely yours,
/s/ C. S. Conlee,
C. S. Conlee,
Superintendent"

The department for colored students was discontinued and colored students were integrated into the main Las Cruces Union High School, effective beginning with the 1953–54 school year.

Mary Alice Swisher made no response to the local board's letter until June 10, 1953, when her attorney gave notice of acceptance of employment for the school year 1953–54, or in the alternative, demanded hearing and specification of written charges as to reasons for discontinuance of her services. Thereafter, on August 25, 1953, she was granted a hearing by the local board, at which she was again told that the cause for her discharge was as stated in the board's letter of February 9, 1953. Upon being advised that she would not be reemployed, she appealed to the State Board of Education, where hearing was held at Santa Fe, October 27, 1953, attended by appellee and her attorney and the superintendent of the Las Cruces Union High School. At the hearing before the State Board, the facts and circumstances attending the closing of the Booker T. Washington School as above related were reasserted by the local board as the ground for appellee's discharge.

Based on standards of the North Central Association of Colleges and Secondary Schools, appellee Mary Alice Swisher, at the time of her discharge, was fully qualified to teach and was possessed of minimum paper qualifications as a teacher in English, Spanish and Chemistry. Following her discharge, other teachers were employed in the Las Cruces Union High School System for the school year 1953–54, but all of such teaching assignments involved combinations of courses in some of which appellee was qualified and others in which she was not. One vacancy in ninth grade English was filled by transfer from Junior High of a teacher qualified to teach both English and Social Science; and by reason of increased enrollment in Junior High School courses, two new teachers were employed for teaching assignments in the seventh and eighth grades, but such assignments and grades were under the jurisdiction of the Las Cruces Municipal Board of Education, a separate administrative unit, and in which grades segregation of Negro and white students was still in effect and maintained by the Las Cruces Municipal Board of Education.

At the hearing on appeal, the State Board announced that according to its interpretation of the law, four grounds existed for discharge of a tenure teacher, namely, immorality, insubordination of a deliberate nature, incompetency, and disloyalty to the United States, none of which was assigned as cause for appellee's discharge.

On October 28, 1953, the State Board made and announced its decision that appellee, a tenure teacher, had been discharged without just cause and that her contract to teach in the Las Cruces Union High School for the school year 1953–54 was in full force and effect. Nevertheless, appellants' predecessors declined to reemploy her and the present action followed.

The trial court adopted the findings and decision of the State Board and further found that the action of the State Board was not arbitrary, unlawful, unreasonable or capricious. Going further, the court also found that the local board discontinued the services of the teacher because it felt she would be unable to teach in a classroom where there were white students or where there were both white and colored students and that she was not discharged for economic reasons or merely because the Booker T. Washington department of the system was closed by the local board.

■■ At the hearing before the court, appellants tendered in evidence the testimony of various witnesses. Assigned as error is the ruling of the court in sustaining an objection to such tender. There was no error in the ruling of the court. The decision of the State Board of Education is final and conclusive as between the parties and is not subject to review, except to determine whether its decision is based upon substantial evidence or whether it is arbitrary, unlawful, unreasonable or capricious. McCormick v. Board of Education of Hobbs Municipal School District, 58 N.M. 648, 274 P.2d 299; and in a determination of these questions, the court in its review, is limited to the record made before the administrative tribunal.

The applicable statute is § 73–1–1, 1953 Comp., which reads:

"Authority and duties—Administration of oaths.—The state board of education, pursuant to section 6, article XII, state Constitution, shall be the governing authority of all public elementary and high schools of the state and shall cause the provisions of this chapter to be carried into effect to the end that the school laws of the state shall be properly and uniformly enforced. Said board shall determine educational policies of the state, * * *. The state board of education shall explain the true intent and meaning of the law, and shall decide without expense to the parties concerned, all controversies and disputes that arise under it, and their *decision shall be final.* * * *" (Emphasis ours.)

We find the general rule stated at 42 Am. Jur. (Public Administrative Law) § 224, as follows:

"It is a general rule that in the absence of a statute so providing, a court is confined on review proceedings to the record made in the proceeding below, and may not hear new or additional evidence, unless the proceeding is a trial de novo. The same principle is applied in the field of review of administrative action, and the general rule is that in the absence of a statute providing otherwise, the review is limited to the record made in the administrative pro-

ceeding, and the courts decline to hear new or additional evidence to review or revise findings of fact made by the administrative tribunal, especially where the evidence was available and could have been introduced in the administrative tribunal. To allow findings to be attacked or supported in court by new evidence would substitute the court for the administrative tribunal. * * *"

Also see Kessler v. Strecker, 307 U.S. 22, 59 S.Ct. 694, 83 L.Ed. 1082; Colteryahn Sanitary Dairy v. Milk Control Comm., 332 Pa. 15, 1 A.2d 775, 122 A.L.R. 1049; State ex rel. Ging v. Board of Education of City of Duluth, 213 Minn. 550, 7 N.W.2d 544.

■■■ Respondents next argue that since there was a determination by the local board, arrived at in good faith, that the services of appellee Mary Alice Swisher could not be further utilized in the Las Cruces School System, just cause existed for discharging her. It is also argued that the action of the State Board was arbitrary, unlawful, unreasonable and capricious. Admittedly, the Booker T. Washington School was closed for economic reasons. But more was required. Absent grounds personal to the teacher, to terminate her services it was necessary to show affirmatively that there was no position available which she was qualified to teach. The only grounds advanced were set forth in the letter dated February 9, 1953, and it is silent in this respect. On the contrary, there is evidence that several positions were available and were held by non-tenure teachers. This evidence is substantial in character and the ruling of the State Board cannot be successfully attacked as arbitrary, unlawful, unreasonable or capricious.

A strong attack is made on the finding that appellee was discharged because the local board felt she would be unable to teach in a classroom where there were white or where there were both white and colored students, and that she was not discharged for economic reasons or because of the closing of Booker T. Washington School. The judgment under attack does not rest upon a determination of these questions. As previously observed, it rests upon the finality of the decision by the State Board of Education. McCormick v. Board of Education of Hobbs Municipal School District, supra.

The judgment will be affirmed, and it is so ordered.

LUJAN, SADLER, McGHEE, and KIKER, JJ., concur.