372 P.2d 121

Gilbert S. LOPEZ, Petitioner-Appellant,

v.

STATE BOARD OF EDUCATION, Beverly Agnew, E. L. Jory, Eillie Holder, Manuel J. Baca, Virgil Henry, Ray Hughes, Lena Romero Shellhorn, Joe DiLisio, J. Embry Wall and K. I. Langley, Respondents-Appellees.

No. 7049.

Supreme Court of New Mexico.

June 5, 1962.

Jack Smith, Santa Fe, for appellant.

E. P. Ripley, Santa Fe, for appellees.

COMPTON, Chief Justice.

The appellant, a teacher with tenure and formerly under contract with Municipal School District No. 1, Town of West Las Vegas, appeals from a judgment of the District Court of the First Judicial District affirming the action of the New Mexico State Board of Education in discharging him as such contract teacher for good cause.

The charge against the appellant grew out of an altercation which occurred at a tavern known as Plaza Hotel Bar in West Las Vegas. It specifically charged him

with (a) unlawfully assaulting Stella Gonzales, (b) being intoxicated and disorderly, (c) his conviction of such offenses, and (d) the adverse publicity resulting therefrom.

The appellant was given a hearing before the local board and, following an adverse ruling, he appealed to the New Mexico State Board of Education. The latter board sustained the local board and entered an order terminating the appellant's contract with the municipal school board. The appellant then sought a review in the district court by certiorari, alleging that the charges were not supported by substantial evidence, and, further, that the state board acted in an unlawful, arbitrary and capricious manner in arriving at its decision.

The trial court found that the state board acted lawfully in all respects, that just cause existed for the termination of appellant's contract, and affirmed the decision of the state board.

The sufficiency of the evidence before the state board to establish "good cause" for removal as that term is used in § 73–12–15, 1953 Comp., as amended, is challenged on appeal. In this regard our review is limited. In the absence of a statutory definition of the term, it was the function of the State Board of Education in the exercise of its sound discretion to determine the question of "good cause." And, its determination is conclusive unless the evidence discloses that it acted unlaw-

fully, arbitrarily or capriciously. Hence, our review of the record will be limited to a determination whether the action of the state board was unlawful, arbitrary or capricious.

Stella Gonzales and her husband, Luis Gonzales, had gone together to the tavern about 12:30 a. m. Shortly thereafter the appellant approached them carrying a glass, its contents resembling gin or vodka. A tussle immediately occurred between the two men and appellant pushed Luis Gonzales against the bar. As Gonzales recovered his balance, appellant swung at him with his fist. Luis Gonzales "ducked" to escape the blow and it landed in the face of Stella Gonzales and as a result of which she was hospitalized for several days. Immediately following the incident, criminal charges were filed against the appellant, to which he entered a plea of guilty. Appellant stated to the justice of the peace at the hearing that the affair was the result of his drinking. Appellant also tried to apologize to Stella and Luis Gonzales for his conduct, stating that he had drank some 10 to 15 vodkas that day and that the assault was the result of his drunkenness.

In face of the evidence, we cannot say that the state board acted unlawfully, arbitrarily or capriciously in finding "good cause" for the termination of appellant's contract with the municipal school district. Stapleton v. Huff, 50 N.M. 208, 173 P.2d

612; McCormick v. Board of Education, 58 N.M. 648, 274 P.2d 299; Sanchez v. Board of Education, 68 N.M. 440, 362 P.2d 979. See also 47 Am.Jur., Schools, § 139.

The judgment should be affirmed, and IT IS SO ORDERED.

CARMODY and CHAVEZ, JJ., concur.

MOISE and NOBLE, JJ., not participating.