376 P.2d 968

**Murphy Wallis HENSLEY, Plaintiff-Appellee,**

v.

**The STATE BOARD OF EDUCATION of the State of New Mexico, Defendant-Appellant.**

**No. 7172.**

Supreme Court of New Mexico.

Dec. 10, 1962.

E. P. Ripley, Santa Fe, for appellant.

Watson & Watson, Charles S. Solomon, Santa Fe, for appellee.

COMPTON, Chief Justice.

The State Board of Education appeals from a judgment of the District Court of Santa Fe County holding that appellee, a school teacher who had acquired tenure within Forrest School District Number 53 in Quay County, New Mexico, did not automatically lose her tenure status as the result of the consolidation of that school district with the Melrose School District Number 12, in Curry County.

The facts, stipulated by the parties, are that appellee is a teacher certified as qualified to teach by the State Board of Education; that she was employed to teach by the Quay County Board of Education and taught in Quay County for the school years 1956–57 at the Nara Vista School, and for the school years 1957–58, 1958–59 and 1959–60 in the Forrest Grade School and was re-employed to teach in the latter school for the 1960–61 school year; that the notice of re-employment for the fifth consecutive year of employment by the Quay County Board of Education was made prior to the date of consolidation of the Forrest and Melrose districts, which was ordered by the State Board of Education and became effective on August 16, 1960; that the consolidated district accepted the teaching services of appellee and paid her for her services through the school year 1960–61; that on April 17, 1961, the governing board of the consolidated school district notified appellee that she was dismissed from her position for the school year 1961–62; that appellee requested a hearing and appeared before the governing board of the consolidated district but that board refused to recognize appellee as a tenure teacher and refused to grant her

a hearing as provided by statute for a tenure teacher before dismissing her, and retained nontenure teachers in the school district.

Appellee appealed the ruling of the governing board to the State Board of Education. The State Board affirmed the decision of the governing board, the Melrose Municipal School Board, on the ground that appellee, by reason of the consolidation, did not have tenure because she had not taught in the consolidated district for three successive years with a contract for the fourth year. The State Board based its decision on an opinion of the Attorney General, dated June 15, 1956, to the effect that tenure rights do not carry over to newly created municipal school districts nor to consolidated districts. Attorney General Opinion No. 6472.

■ The trial court held that appellee, a tenure teacher in the Forrest School District, did not automatically lose her tenure status as a result of the consolidation or merger of that district with the Melrose District. We think the court below, in ruling in favor of appellee, reached the correct result; however, a thorough examination of our tenure statute makes it necessary for this court, in upholding the decision, to do so on a different and broader basis. Compare Atma v. Munoz, 48 N.M. 114, 146 P.2d 631; Ortiz v. Gonzales, 64 N.M. 445, 329 P. 2d 1027. The question for consideration is not one relating to consolidation only; rather the question is whether a teacher automatically loses tenure status acquired in a particular school district when that district is consolidated or merged with another school district. The trial court held that the teacher does not, and we think it reached the correct conclusion.

The pertinent provisions of the applicable statute, § 73-12-13, N.M.S.A., 1953 Comp. (Pocket Supp.) provide:

"* * * On or before the closing day of each school year * * * the governing board of each school district in the state, whether rural, municipal or *otherwise* shall serve written notice of reemployment of or dismissal *upon each teacher by it then employed;* certified as qualified to teach by the * * * state board. * * *

"(b) the notice of dismissal required under subsection (a) of this section to a certified teacher who has taught in a particular county or other particular administrative school unit for three (3) consecutive years and holds a contract for the completion of a fourth consecutive year *in a particular district* shall specify a place and date for a hearing not less than five (5) days nor more than ten (10) days from the date of service of such notice at which time the teacher may appear. * * *" (Emphasis ours.)

As we read the statute, upon consolidation, the governing board of the consolidated

district becomes the governing board of the particular school districts which merge into and become a part of the newly created district. Actually the consolidated district was a continuation of the old districts which went into it. It follows, therefore, that the newly consolidated district was the "particular district" in which appellee earned tenure.

Unlike Trujillo v. State, 67 N.M. 51, 352 P.2d 80, we are dealing here with the consolidation of a rural school district with a municipal school district already in existence as contemplated by §§ 73-20-3 and 73-20-4, N.M.S.A., 1953 Comp. (Pocket Supp.), designated as a consolidated municipal school district. We do not find, nor think the legislature intended, that a new designation of name or a different governing board destroys the actual existence of the "particular" districts which merged to form the consolidated district insofar as the acquisition of tenure is concerned.

We held in Jones v. Board of School Directors of Independent School Dist. No. 22, 55 N.W. 195, 230 P.2d 231, that the statute relating to the failure by a school board to give notice of dismissal becomes a part of the contract of employment as effectively as though expressly incorporated therein. By the same token, that portion of the same statute which confers tenure upon teachers who have served the required probationary period in "a" particular school district also becomes a part of the contract of employment.

We conclude that appellee was entitled to all the benefits conferred by statute on tenure teachers, including the right to a notice of dismissal containing a statement of the cause or causes upon which that governing board based its decision to terminate her services, and to a hearing thereon.

The reason given for appellee's dismissal, i. e., a reduction in the teaching staff, without more, would not appear to be a good and sufficient reason for the dismissal of a tenure teacher when other teachers without tenure are retained in her place and stead. As we stated in Stapleton v. Huff, 50 N.M. 208, 173 P.2d 612:

> "The legislature has recognized the sound public policy of retaining in the public school system teachers who have become increasingly valuable by reason of their experience and has, by statute, assured these public servants an indefinite tenure of position during satisfactory performance of their duties. Ortega et al. v. Otero, 48 N.M. 588, 154 P.2d 252; * * *."

For the reasons stated, the judgment is affirmed. IT IS SO ORDERED.

NOBLE and MOISE, JJ., concur.

CARMODY and CHAVEZ, JJ., not participating.