485 P.2d 366

**FORT SUMNER MUNICIPAL SCHOOL BOARD, Appellant,**

**v.**

**Frances Eileen PARSONS and State Board of Education, Appellees.**

**No. 559.**

Court of Appeals of New Mexico.

April 23, 1971.

Certiorari Denied May 19, 1971.

———◆———

Charles S. Solomon, Santa Fe, for appellant.

Jerry Wertheim, Jones, Gallegos, Snead & Wertheim, Santa Fe, for appellee Frances Eileen Parsons.

E. P. Ripley, Santa Fe, for N.M. State Board of Education.

## OPINION

WOOD, Judge.

The Local Board (Fort Sumner Municipal School District) decided not to reemploy a tenure teacher although retaining two non-tenure teachers. Mrs. Parsons, the tenure teacher, appealed to the State Board of Education. The State Board reversed the Local Board's decision. The Local Board has appealed directly to this court. See § 77–8–17(F), N.M.S.A.1953 (Repl.Vol. 11, pt. 1). The appeal presents questions as to: (1) how new evidence before the State Board is to be considered; (2) whether the Local Board's decision is supported by substantial evidence; and (3) the nature of the State Board's review.

*How new evidence before the State Board is to be considered.*

The Local Board was faced with a decreased enrollment of students and the concomitant decrease in funds. It determined that the school curriculum could be preserved but that the number of classes offered in certain subjects should be reduced. The reduction in classes was principally in

areas in which Mrs. Parsons was certified to teach—English and Language Arts and Social Studies. With the reduction in classes, it was necessary to reduce the faculty. The Local Board determined that the faculty above the sixth grade level would have to be reduced by two. This reduction was reached by the resignation of one teacher and the decision not to re-employ Mrs. Parsons.

Although Mrs. Parsons was not to be reemployed, the Local Board retained two non-tenure teachers, Lewis and Williams. As a part of their duties, both non-tenure teachers were to teach subjects that Mrs. Parsons was qualified to teach. The evidence before the Local Board shows the subjects assigned to Lewis and Williams, which Mrs. Parsons was certified to teach, amounted to approximately one-half a full time teaching load.

Between the time of the Local Board hearing and the State Board hearing, Mrs. Parsons was certified to teach additional subjects. This "new evidence" was admitted by stipulation at the State Board hearing. Section 77–8–17(D), N.M.S.A.1953 (Repl.Vol. 11, pt. 1) authorizes the State Board to consider new evidence, but it does not state how the new evidence is to be considered.

At oral argument, Mrs. Parsons contended the State Board could weigh this new evidence as against the evidence presented at the Local Board hearing, and having weighed the evidence, reach an independent result. We doubt that the State Board could proceed in this manner. The State Board has the control, management and direction of public schools, but only as "provided by law." N.M.Const. Art. XII, § 6(A). Section 77–8–17(D), supra, does not appear to authorize the State Board to weigh new evidence presented to it as against evidence presented at the Local Board hearing. However, we do not decide the question of weighing the evidence. The question of "independent result" is discussed and decided in the third issue of this opinion.

The State Board's decision, reversing the Local Board is: " * * * the record does

not contain substantial evidence supporting the [Local] Board's decision not to re-employ Eileen Parsons, a tenure teacher, when non-tenure teachers were employed in areas in which she is qualified to teach." The wording of this decision shows the State Board did not weigh the new evidence against the evidence presented at the Local Board hearing. The State Board determined there was no substantial evidence to support the Local Board's decision. In reaching this result, the only effect the State Board could have given the new evidence was to consider it as if it had been presented at the Local Board hearing.

Considering the new evidence before the State Board as if it had been presented at the Local Board hearing, the evidence then shows the subjects assigned to Lewis and Williams, which Mrs. Parsons was certified to teach, amounted to more than one-half, but less than a full-time, teaching load. This evidence is largely uncontradicted.

For purposes of this appeal, we do not consider the fractional teaching load aspect. Rather, we assume that the uncontradicted evidence shows the non-tenure teachers, between them, were to teach the equivalent of a full-time teaching load in subjects Mrs. Parsons was qualified to teach.

*Whether the Local Board's decision is supported by substantial evidence.*

In holding the Local Board's decision was not supported by substantial evidence, the State Board focused on the fact that non-tenure teachers were retained although Mrs. Parsons, a tenure teacher, was not re-employed. The State Board did so because of Swisher v. Darden, 59 N.M. 511, 287 P.2d 73 (1955).

In *Swisher* the Local Board informed the tenure teacher that she would no longer be employed because the department in the school at which she was teaching was being closed at the end of the school term. This notification was by letter dated February 9, 1953. The New Mexico Supreme Court stated:

" * * * Admittedly, the Booker T. Washington School was closed for economic reasons. But more was required. Absent grounds personal to the teacher, to terminate her services it was necessary to show affirmatively that there was no position available which she was qualified to teach. The only grounds advanced were set forth in the letter dated February 9, 1953, and it is silent in this respect. On the contrary, there is evidence that several positions were available and were held by non-tenure teachers. * * * *"

See Hensley v. State Board of Education, 71 N.M. 182, 376 P.2d 968 (1962).

Here, there were no grounds "personal to the teacher" for the non re-employment of Mrs. Parsons. The Local Board specifically found that Mrs. Parsons' teaching had been satisfactory.

Because Mrs. Parsons' teaching had been satisfactory, and because the retained non-tenure teachers were to teach subjects that Mrs. Parsons was qualified to teach, Mrs. Parsons argued to the State Board that she has shown a position was available to her. She did not have to make such a showing. Swisher v. Darden, supra, prevents her non re-employment in this case unless there was an affirmative showing that no position was available to her.

In holding there was no substantial evidence before the Local Board of "no position" available to Mrs. Parsons, the wording of the State Board's decision shows that it considered the tenure teacher vs. non-tenure teacher aspect of the evidence to be controlling. In doing so, the State Board appears not to have considered other findings of the Local Board.

These findings are: (1) the Local Board aimed at preserving the curriculum in order to offer its students the best academic program possible. (2) In a small school, such as Fort Sumner, it is necessary to employ teachers who are certified to teach in more than one field. (3) Non-tenure teacher Lewis is certified to teach English

and Spanish and will teach in those fields. (4) No teacher was certified to teach any foreign language except Spanish. (5) To be accredited by the North Central Association, a school system is required to offer one foreign language. (6) One teacher, other than Lewis, is certified to teach Spanish, but that teacher is the only teacher certified to teach in the field of Special Education. (7) Non-tenure teacher Williams is certified to teach U.S. History and planned to become certified to teach Physical Education and Athletics during the summer; Williams' rehiring was conditioned on obtaining this additional certification. (8) The school, by law, was required to offer Physical Education and it was desirable to offer Athletics to the ninth grade (which Williams taught) because of the large number of students participating in the athletic program. (9) No other certified teachers were available to teach Physical Education and Athletics.

The essence of these findings is that there was no one but Lewis to teach Spanish and no one but Williams to teach Physical Education and Athletics. Mrs. Parsons was not qualified to teach these subjects. If Mrs. Parsons was re-employed, the Local Board would be unable to offer either Spanish, required for accreditation, or Physical Education, required by "law." The evidence on which these findings are based is also largely uncontradicted.

Thus, the Local Board, in its opinion, was faced with the problem of either failing to re-employ a tenure teacher or not offering required subjects. One witness, characterizing the situation as "a very distasteful problem," said there was no solution other than failing to re-employ Mrs. Parsons unless there were additional resignations.

The brief of the State Board, joined in by Mrs. Parsons, emphasizes the public policy of retaining experienced teachers through indefinite tenure during satisfactory performance by the teacher. Hensley v. State Board of Education, supra; see Ortega v. Otero, 48 N.M. 588, 154 P.2d 252 (1944). Mrs. Parsons takes the view that even in the interest of preserving the curriculum, a Local Board may not retain a non-tenure teacher even though the non re-employed tenure teacher " * * * is not qualified to teach in all the same areas as the non-tenure teacher. * * * " Specifically, she takes the position that "security of employment" for the tenure teacher is the controlling consideration.

The Local Board's position is: "The tenure laws in situations requiring a reduction of teachers cannot be the mechanism to subordinate the rights and welfare of the public and school children or to destroy the right of school boards to determine educational policy. * * * " Compare § 77–4–2, N.M.S.A.1953 (Repl.Vol. 11, pt. 1).

In our opinion, the answer to this point does not require a choice by this court as to which of the allegedly competing public policies is paramount. The question is whether there was substantial evidence supporting the Local Board's decision. That question is to be decided within the guidelines of Swisher v. Darden, supra.

■ "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Wickersham v. New Mexico State Board of Education, 81 N.M. 188, 464 P.2d 918 (Ct.App.1970). The Local Board's conclusion reads:

"That good cause exists for terminating the employment of Mrs. Eileen Parsons, as a part of the necessary reduction of faculty, in that classes she is now teaching are being cut and that these classes can be cut without affecting the academic program adversely, whereas other subjects, to be taught by non-tenure teachers being re-hired, cannot be cut without seriously affecting the academic program."

■ This conclusion is consistent with the requirement of Swisher v. Darden, supra—that there be an affirmative showing of no position available to Mrs. Parsons at which she was qualified to teach. There is such a showing because if she was re-employed the academic program would be

seriously affected. Substantial evidence, largely uncontradicted, supports the Local Board's conclusion. It had authority to reach this conclusion under § 77–4–2, supra, ¶¶ (A) and (D).

This court may review the State Board's decision to determine whether the State Board's action was unreasonable. In holding the Local Board's decision was not supported by substantial evidence, the State Board acted unreasonably. Wickersham v. New Mexico State Board of Education, supra.

*Nature of the State Board's review.*

■■■ The State Board and Mrs. Parsons urge, however, that the State Board's decision should be affirmed because substantial evidence supports the State Board's decision. This contention mistakes the nature of the State Board proceeding.

Our statutes no longer provide that the State Board decides the issues between contending parties. Compare Swisher v. Darden, supra. The State Board controls the public schools as provided by law. N.M. Const. Art. XII, § 6(A). Section 77–8–17 (C), N.M.S.A.1953 (Repl.Vol. 11, pt. 1) states the State Board is to conduct a "review proceeding."

Section 77–8–17(D), supra, states what is to be done at the review proceeding. It may take "new evidence." This was discussed earlier in this opinion. It shall "* *·* review all procedures and regulations followed by the local school board * .* *." There is no issue in this case concerning procedures and regulations. "* * · * The state board shall also determine whether or not there is evidence in the transcript to substantiate the findings of the local school board that cause exists for refusing to re-employ * * * the person * * *." Section 77–8–17(D), supra. Here, the State Board reviewed the evidence and unreasonably determined there was no substantial evidence to support the Local Board's decision.

The issue is not whether there is substantial evidence to support the State Board's decision. Since the State Board reviewed the Local Board's decision, as provided by law, the issue in this court is whether the State Board's decision, after such a review, is arbitrary, unreasonable, unlawful or capricious. Wickersham v. New Mexico State Board of Education, supra. Here, the State Board's action was unreasonable. This holding decides the appeal. It decides the appeal because the State Board, by law, is not authorized to reach an independent result. The State Board's authority is to review the Local Board's decision as provided in § 77–8–17 (D), supra, and on the basis of that review, affirm or reverse the Local Board's decision. Section 77–8–17(E), N.M.S.A. 1953 (Repl.Vol. 11, pt. 1).

The decision of the State Board is reversed. The cause is remanded to the State Board with instructions to set aside its decision and enter a new decision affirming the Local Board.

It is so ordered.

SPIESS, C. J., concurs.

I concur in the result and will file a specially concurring opinion at a later date.

SUTIN, Judge (specially concurring).

The purpose of this special concurring opinion is to advise the teaching profession that its quarrel on reemployment is with the legislature and the State Board of Education, and not with the courts.

First, this court discussed the question of "How new evidence before the State Board is to be considered." This was not an issue on appeal. In its decision, the State Board recited "that new evidence as to appellant's certification was stipulated in the record by the parties." The stipulation was:

"It is stipulated and agreed between counsel for the parties that the Appellant, Eileen Parsons, is, *as of this date*, certified to teach the subjects of U. S. History and Vocational Economics, these certifications having occurred *subsequent* to the date of the hearing before the Board

which, as I recall, was May 22nd, 1970." [Emphasis added].

Section 77–8–17(D), N.M.S.A.1953 (Repl. Vol. 11, pt. 1), provides in part:

" * * * The state board may consider new evidence not presented at the hearing conducted by the local school board when there is a showing that, *although due diligence was used, the new evidence was unknown or unavailable to present at the hearing conducted by the local school board*. A transcript shall be made of all new evidence considered by the state board." [Emphasis added].

This provision does not include new evidence not in existence at the time of the Local Board meeting. It covers new evidence unknown or unavailable at the time of the Local Board hearing. Mrs. Parsons was certified to teach U. S. History and Vocational Economics subsequent to the hearing before the Local Board. Due diligence of Mrs. Parsons could not produce this "new evidence" at the time of the Local Board meeting. This "new evidence" was created by Mrs. Parsons after the Local Board hearing to find a "position" available in the school. Neither the State Board nor Mrs. Parsons could rely upon this "new evidence" to support her position.

Second, the opinion does not disclose that in 1967, the legislature gave to the Local Board a new power, the right to refuse to *reemploy* tenure teachers by conducting a hearing and finding "good and just cause for. refusing to re-employ the person." Section 77–8–12(C) and (D), N.M.S.A. 1953 (Repl.Vol. 11, pt. 1). This statute favors the Local Board and not the teacher, but we do not inquire into the policy or justness of acts of the legislature. Wickersham v. New Mexico State Board of Edducation, 81 N.M. 188, 191, 464 P.2d 918 (Ct.App.1970). Previously, the Local Board only had the right to *discharge* for "good and just cause." Section 77–8–14. In both statutes, the Local Board, in the exercise of its sound discretion, could determine the question of "good and just

cause," and make findings thereof. The State Board, in its sound discretion, could determine whether the evidence at the hearing substantiated the findings of the Local Board and whether "good and just cause" existed. Section 77–8–17(C), (D) and (E). These are also new provisions.

In view of these new sections, I do not concur in adopting the law set forth in previous decisions. We have a duty to interpret these new statutes in line with Article XII, Section 6 of the Constitution under the subject of "The Nature of the State Board's Review."

Third, the court discussed "The Nature of the State Board's Review."

The State Board of Education was created by the people as a constitutional agency before the people created the Court of Appeals. Article XII, Section 6, provides in part:

"The State Board of Education shall determine public school policy and vocational educational policy and shall have control, management and direction of all public schools, *pursuant to authority and powers provided by law*." [Emphasis added].

The State Board of Education is a part of the executive department of the state government—one of its agencies—and as such it is subject to legislative control. The words "provided by law" may be a law enacted by the people exercising the initiative or by the people acting through the legislature. The legislature may provide for the extent of the authority and powers of the State Board. State ex rel. Public Service Commission of Montana v. Branno, 86 Mont. 200, 283 P. 202, 208 (1929).

Article XII, Section 6 conferred on the State Board such limited, judicial powers as the legislature granted it. This does not constitute an unconstitutional infringement upon the judicial branch of the government. McCormick v. Board of Education, 58 N. M. 648, 660–661, 274 P.2d 299 (1954). Subsequently, this court further said:

" * * * [T]hat, within the limited area prescribed by Art. 12 of the constitution,

*the decisions of the board of education are final and conclusive as between the parties, and not subject to review.* This conclusion, however, does not deprive the courts of jurisdiction of the many *purely legal questions* which may arise in connection with the teacher tenure act, and other educational acts, such as the question here presented as to whether or not appellee had tenure; and, as suggested in the discussion of the preceding point, the action of the State Board of Education *would be subject to review* on the ground that it was wholly arbitrary, unlawful, *unreasonable* or capricious." [58 N.M. at 661, 274 P.2d at 307]. [Emphasis added].

In Lopez v. State Board of Education, 70 N.M. 166, 372 P.2d 121 (1962), the court said:

"In the absence of a statutory definition of the term, it was the function of the State Board of Education *in the exercise of its sound discretion to determine the question of 'good cause.'* And, its determination is conclusive unless the *evidence* discloses that it acted unlawfully, arbitrarily or capriciously. Hence, our review of the record will be limited to a determination whether the action of the state board was unlawful, arbitrary or capricious." [70 N.M. at 167, 372 P.2d at 121–122]. [Emphasis added].

In State ex rel. School Dist. No. 29 v. Cooney, 102 Mont. 521, 59 P.2d 48 (1936), the court said:

"Both the state board and superintendent and the local board are quasijudicial bodies or officials, and both exercise discretionary powers [citing cases], and when such powers are exercised in the manner prescribed by law, no right of review exists." [59 P.2d at 51].

Thus far, we must remember that the State Board of Education is a constitutional quasi-judicial body of the executive department with discretionary powers. We must now determine, (1) what powers of review were granted the Court of Appeals, and (2) what authority and powers were granted the State Board of Education by the legislature.

(1) Appellate jurisdiction of the Court of Appeals grants to the court the right to review "decisions of those administrative agencies of the state where direct review by the court of appeals is provided by law; and decisions in any other action as may be provided by law." Section 16–7–8(F) and (G), N.M.S.A.1953 (Repl.Vol. 4). The State Board of Education is not an administrative agency of the state because it is created by the constitution, not by the legislature. Jurisdiction may be found under the provision of subsection (G). The only provision for review from the decision of the State School Board is § 77–8–17(F), N. M.S.A.1953 (Repl.Vol. 11, pt. 1). It simply says: "Any party aggrieved by a decision of the state board after a review proceeding pursuant to this section may appeal the decision to the court of appeals * * *." The legislature did not fix any scope of review of quasi-judicial decisions as it has done in other nonconstitutional, administrative agencies. For example, see § 4–32–22, N.M.S.A.1953 (Repl.Vol. 2, Supp. 1969), entitled "Scope of Review" under "Administrative Procedures Act;" § 72–13–39(C), N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1969), under the "Tax Administration Act."

When no scope of review is provided by law, what powers can the Court of Appeals grasp to review decisions of the State Board of Education?

In Board of Education v. State Board of Education, 79 N.M. 332, 443 P.2d 502 (Ct.App.1968), this court said:

"* * * Our review of the State Board's action is limited to determining whether the State Board acted arbitrarily, unlawfully, *unreasonably* or capriciously." [79 N.M. at 337, 443 P.2d at 507]. [Emphasis added].

In Wickersham v. New Mexico State Board of Education, supra, this court said:

"Our review, under § 77–8–17, supra, is limited to a determination of whether the State Board's decision is arbitrary, *unreasonable*, unlawful or capricious.

\* \* \* \* \* \*

*"This does not mean that the evidence question will not be reviewed.* If the State Board affirmed a Local Board decision, and the Local Board's decision was not supported by substantial evidence, the State Board's decision would be *unreasonable.* [81 N.M. at 190]. [Emphasis added].

\* \* \* \* \* \*

"In asking us to weigh the evidence, the teacher asks us to substitute our judgment for the judgment of the State Board. *This we are not permitted to do.* \* \* \* It is not the province of this court to retry the case brought before it on appeal from the State Board.

*"We may not weigh the evidence* since our function is limited to a review of the State Board's decision. In conducting that review, we consider only whether the State Board's decision was arbitrary, *unreasonable,* unlawful or capricious." [81 N.M. at 191, 464 P.2d at 920]. [Emphasis added].

In the instant case, the majority opinion says:

"Here, the State Board reviewed the evidence and *unreasonably* determined there was no substantial evidence to support the Local Board's decision.

"The issue is not whether there is substantial evidence to support the State Board's decision. Since the State Board reviewed the Local Board's decision, as provided by law, the issue in this court is whether the State Board's decision, after such a review, is arbitrary, *unreasonable,* unlawful or capricious. \* \* \* Here, the State Board's action was *un-*

*reasonable.* This holding decides the appeal. It decides the appeal because the State Board, by law, is not authorized to reach an *independent result.* The State Board's authority is to review the Local Board's decision as provided in § 77–8–17 (D), supra, and on the basis of that review, affirm or reverse the Local Board's decision." [Emphasis added].

The trouble with these decisions is that they rely on decisions prior to the creation of the Court of Appeals and its power of review.

The time has now come to try and decide "The Nature of the State Board's Review." We should try to develop a uniform rule.

We must not forget that the State Board of Education is a constitutional, quasi-judicial body with discretionary powers to determine the question of "good cause" found in the Local Board hearing.

What are the limits of the power of the Court of Appeals to review the decisions of the State Board of Education?

Article XII, Section 6 of the Constitution grants the State Board its powers "pursuant to authority and powers provided by law." Since the legislature did not provide a scope of review, our power of review is limited to whether the State Board acted "pursuant to authority and powers provided by law." If it did, we affirm because its decision is final and conclusive. If it did not, we reverse.

(2) What authority and powers were granted the State Board by the legislature?

Under § 77–8–17(C), (D) and (E), supra, the legislature provided that "[t]he state board shall conduct a review proceeding" and at this review proceeding, "[t]he state board shall also determine whether or not there is evidence in the transcript to substantiate the findings of the local school board that cause exists for refusing to re-employ or discharging the person."

618

It "shall render a written decision affirming or reversing the decision of the local school board." We are, therefore, bound by the constitution. We must determine as a matter of law whether the State Board's decision complied with the above statute.

The State Board held a review proceeding and rendered its decision reversing the Local School Board. We are not permitted to substitute our judgment for the judgment of the State Board. We do not review the evidence or weigh the evidence before the Local Board or the State Board. We can only determine if the State Board acted according to authority and powers granted by the legislature. The State Board found:

"* * * [T]he record does not contain substantial evidence supporting the [Local] Board's decision not to re-employ Eileen Parsons, a tenure teacher, [when non-tenure teachers were employed in areas in which she is qualified to teach."] (Brackets added).

If the bracketed words had been omitted, I would dissent because the decision would have complied with the law. The State Board acted honestly and in good faith. But the reason for its decision that the record did not contain substantial evidence was that the Local Board refused to re-employ Mrs. Parsons because nontenure teachers were employed in her place. This was not the issue before the Local Board. The State Board did not comply with its statutory powers upon the "good and just cause" issue before the Local Board. It did not determine whether the evidence in the transcript substantiated the thirty-two (32) findings of the Local School Board. Therefore, I specially concur.

It would greatly impair the government and the efficiency of the common schools if the honest judgment and the discretion of a constitutional state board, exercised in good faith, could be reviewed and reversed. State v. Cooney, supra. We must pay homage to this principle under the present statutory structure.