485 P.2d 364

**Helen P. LENNING, Appellant,**

v.

**NEW MEXICO STATE BOARD OF EDUCATION, Appellee.**

**No. 545.**

Court of Appeals of New Mexico.

May 7, 1971.

Jerry Wertheim, Jones, Gallegos, Snead & Wertheim, Santa Fe, for appellant.

E. P. Ripley, Santa Fe, for State Bd. of Ed.

John W. Bassett, Jr., Atwood, Malone, Mann & Cooter, Roswell, for Roswell Bd. of Ed.

OPINION

HENDLEY, Judge.

The Local Board (Roswell Independent School District) refused to re-employ a tenure teacher (Mrs. Helen Lenning) for the school year 1970–71. The State Board (State Board of Education) affirmed the Local Board's decision. The teacher appeals direct to us pursuant to § 77–8–17, N.M.S.A. 1953 (Repl.Vol.1968).

We affirm.

The teacher contends that the grounds for which she was not re-employed are really unsatisfactory work performance and, accordingly, she was not afforded the procedural safeguards regarding conferences of State Board Rule 2–A, (Tenure) adopted October 16–17, 1968 and filed in the State Records Center on November 4, 1968 which provides in part:

"Pursuant to Section 77–8–18, NMSA, 1953, the New Mexico State Board of Education hereby adopts the following procedures to be followed by local boards prior to service of a notice of termination upon certified tenure personnel at the end of a school year for unsatisfactory work performance:

"1. Three (3) conferences shall be held with certified personnel with tenure prior to service of notice of termination upon them for unsatisfactory work performance at the end of a school year.

"2. Such conferences shall be held with the individual's immediate supervisor or such other person as the local board may designate.

"3. Written record shall be kept of all such conferences specifying the areas of unsatisfactory work performance, all action taken to improve such performance and all improvements made. These records shall be signed by both parties to the conference. In the event of refusal .to sign, a notation shall be made of the

refusal. A copy of such record shall be given to the certified person."

The teacher was served with a notice of refusal to re-employ. The notice specified grounds relating to:

" * * * Incompetency, insubordination, breach of the terms of your 'Teacher's Contract' with the Roswell Independent School District, violation of Article 5130(5) of the Regulations of the Roswell Independent School District concerning the administration of corporal punishment by a teacher, and improper and unprofessional conduct. * * *"

The Local Board, after hearing, made Findings of Facts supporting each charge. The Local Board made Conclusions of Law regarding incompetency, insubordination, breach of teacher's contract, violation of Local Board regulation in administering corporal punishment, and actions which constituted improper and unprofessional conduct, and stated that each conclusion independently was good and sufficient cause for refusing to re-employ.

The State Board found no substantial departure from the procedures and regulations prescribed by the State Board, that there was evidence to substantiate the Local Board findings, and concluded that the decision of the Local Board should be affirmed.

■ We shall assume the Local Board's decision of refusal to re-employ was on the grounds of unsatisfactory work performance. Was there a substantial departure from Rule 2–A? We think not.

Subsection 2 of Rule 2–A requires that the conferences shall be held with the individual's immediate supervisor. The (immediate supervisor) principal attempted to meet with the teacher. The first time involved the teacher's evaluation wherein the principal was critical of the teacher striking students on the shoulder and head. The principal also referred to the teacher's need of improvement in dealing with colleagues, pupils and patrons, in handling problems and her instability. The teacher refused to sign the evaluation and returned it with a note stating that she would not sign until she had a conference with the personnel director or superintendent. The next attempt by the principal to confer with the teacher occurred when the teacher lowered a student's scholastic grade due to the student's attitude or deportment. A lowering of the grade for that reason was against school policy. The teacher refused to confer with the principal and told him "to tell it to her lawyer." No further conferences were attempted.

Although not necessary to support our conclusion the record shows that the President of the Local Board sitting as the presiding officer at the Local Board hearing stated into the record without objection:

" * * * March 17th the Superintendent responded to Mrs. Lenning's letter of March 14th, and also identified [sic] that after numerous conferences, that a conference would be available to her, and on March 24th there was a conference held between Mr. Cox, Mr. Luginbill and Mrs. Lenning * * *."

Rule 2–A subsection 2 is specific in that the conference must be with either the immediate supervisor (the principal) or someone else designated by the Board. The record does not disclose a designee.

Implicit in the rule is the requirement that the teacher cannot thwart the law or regulation by refusing to confer. The clear meaning of the rule is to assist the teacher in her duties as a teacher. In view of her refusal to confer, she cannot now be heard to complain of the failure to give her three conferences with the proceedings reduced to writing. The maxim of long standing in Anglo-American jurisprudence that "one may not profit by his own wrongdoing" is most appropriate.

■ The teacher also contends that the finding of the State Board regarding the findings of the Local Board was not supported by the record. We have carefully reviewed the record and conclude that the findings are supported by substantial evidence in every detail. Davis v. Padilla, 79 N.M. 753, 449 P.2d 661 (1969).

Accordingly, the conclusion of the State Board, that the decision of the Local Board refusing to re-employ the teacher for the school year 1970–71 should be affirmed, is supported by the findings. The actions of the State Board were neither arbitrary, capricious, unlawful, unreasonable (Board of Education of Village of Jemez Springs v. State Board of Education, 79 N.M. 332, 443 P.2d 502 (Ct.App.1968)) nor unfair. Wickersham v. New Mexico State Board of Education, 81 N.M. 188, 464 P.2d 918 (Ct.App.1970).

Affirmed.

It is so ordered.

SPIESS, C. J., and DEE C. BLYTHE, District Judge, concur.