488 P.2d 1210

Charles M. MORGAN, Appellant,

v.

NEW MEXICO STATE BOARD OF
EDUCATION, Appellee.

No. 643.

Court of Appeals of New Mexico.

June 25, 1971.

Rehearing Denied July 21, 1971.

Certiorari Denied Sept. 13, 1971.

M. J. Rodriguez, Jones, Gallegos, Snead & Wertheim, Santa Fe, for appellant.

David L. Norvell, Atty. Gen., E. P. Ripley, Sp. Asst. Atty. Gen., Santa Fe, Byron Caton, White & Caton, Farmington, for appellee.

OPINION

WOOD, Judge.

The teacher was discharged during the term of his written employment contract. Section 77-8-14, N.M.S.A.1953 (Repl.Vol. 11, pt. 1). He appealed the decision of the Local Board (Bloomfield Municipal School District) to the State Board (State Board of Education). The State Board affirmed the Local Board's decision. The teacher has appealed directly to this court. Section 77-8-17, N.M.S.A.1953 (Repl.Vol. 11, pt. 1). The dispositive issue is the applicability of a State Board regulation concerning procedures to be followed in supervising and correcting unsatisfactory work performance.

The Local Board found as a fact, after a hearing, that: (1) the teacher punished various children; (2) the punishment was inflicted in violation of school policy as set forth in the Local Board handbook; and (3) the teacher was informed of this policy prior to inflicting the punishment. The Local Board concluded that the teacher had breached his contract " * * * by failing to administer punishment in a judicious manner." The State Board found evidence in the record to substantiate the findings of the Local Board that good cause existed to discharge the teacher. With this we agree; there is substantial evidence to support the Local Board's findings. The violation of a known policy of the Local Board in regard to punishment, to the extent shown by the evidence in this case, is good cause for discharging the teacher for failing to administer punishment in a judicious manner.

We are concerned here with the procedure in effecting the discharge. Section 77-8-18, N.M.S.A.1953 (Repl.Vol. 11, pt. 1) authorizes the State Board, by regulation, to " * * * prescribe procedures to be followed by a local school board in supervising and correcting unsatisfactory work performance * * * of certified school personnel before notice of discharge is served upon them. * * *" Pursuant to

this authority the State Board adopted a regulation stating a procedure to be followed by Local Boards " * * * prior to service of a notice of discharge upon certified non-tenure personnel during the term of an existing contract for unsatisfactory work performance:" No claim is made that the teacher was not a certified non-tenure employee of the Local Board.

The procedure adopted in the regulation required three conferences, and a written record of the conferences, specifying the areas of unsatisfactory work performance, action taken to improve such performance and all improvements made. This procedure was not followed. The issue is the applicability of this regulation to the facts of this case.

The Local Board decision does not expressly refer to unsatisfactory work performance. The teacher was discharged for breach of contract. Because the discharge was for breach of contract, it is contended that unsatisfactory work performance is not involved and the requirement for conferences is not applicable. This contention emphasizes the label, "breach of contract," but disregards the nature of the breach. The breach was in failing to administer punishment in a judicious manner. Whether unsatisfactory work performance is involved depends upon whether the punishment involved is an aspect of the teacher's work performance.

It is asserted that the punishment involved cannot be an aspect of work performance in this case because the Local Board's decision did not determine that work performance was involved. Under this viewpoint work performance is not involved unless the Local Board attaches the label of work performance to the teacher's conduct in its decision. Implicit in this argument is the view that a Local Board may determine the applicability of § 77-8-18, supra, and the State Board regulation, by the choice of words it uses in its decision, and regardless of the facts of the case. Thus, under this view, a Local Board could

avoid the applicability of the statute and regulation simply by not referring to work performance. Since work performance was not expressly mentioned in the Local Board's decision in this case, the argument is that work performance is not involved.

We disagree. The Local Board is subject to the State Board regulations. Section 77-4-2, N.M.S.A.1953 (Repl.Vol. 11, pt. 2). It is the State Board which determines whether there is a substantial departure from State Board regulations which is prejudicial to the appealing party. Section 77-8-17(D), supra. The Local Board's label, or lack of label, in its decision does not determine whether work performance was involved in the teacher's conduct.

Since the Local Board's label to its decision is not determinative of whether work performance was involved, what is determinative? The facts of the case. The Local Board's decision must rest on its conclusion of law and the conclusion must in turn be supported by one or more findings of fact. Section 77-8-16(E), N.M. S.A.1953 (Repl.Vol. 11, pt. 1); compare Galvan v. Miller, 79 N.M. 540, 445 P.2d 961 (1968).

The State and Local Boards claim that, under the facts, the punishment which the teacher imposed does not come within the term "unsatisfactory work performance" and, therefore, the regulation is not applicable. We disagree. Section 77-8-3(D), N.M.S.A.1953 (Repl.Vol. 11, pt. 1) required the teacher to "exercise supervision over students on property belonging to the public school and while the students are under the control of the public school; * * *" The Local Board found as a fact that the punishment was imposed upon children under the teacher's supervision and control and while the teacher was acting as a classroom teacher. Uncontradicted evidence at the Local Board hearing shows that several of the incidents for which the improper punishment was imposed occurred during school classes. Under the facts in

this case the punishment imposed by the teacher comes within the term "unsatisfactory work performance." See Fresno City High School Dist. v. De Caristo, 33 Cal.App.2d 666, 92 P.2d 668 (1939).

It is asserted that in holding the punishment imposed by the teacher comes within "unsatisfactory work performance," we are giving that term a "broad construction" never intended by the Legislature. It is claimed that this asserted "broad construction" could not have been intended, otherwise, the Legislature would not have enacted § 77–8–14, supra. It is argued that there may be various grounds for discharge, and with a "broad construction" to "unsatisfactory work performance" we are bringing a variety of grounds for discharge within the State Board regulation and the requirement of conferences. This view paints with too broad a brush.

Section 77–8–14, supra, pertains to discharge for cause and the procedures in effecting the discharge. Section 77–8–18, supra, is consistent with § 77–8–14, supra. Under § 77–8–18, supra, the notice of discharge provided for in § 77–8–14, supra, is not to be served until the procedures of the State Board regulations have been followed. These two statutes disclose no legislative intent that the punishment inflicted by the teacher is not an aspect of unsatisfactory work performance.

The fact that there are a variety of grounds which may constitute good cause for discharge does not mean that all of such grounds have been included within "unsatisfactory work performance" by this decision. See Fresno City High School Dist. v. De Caristo, supra. There are obviously grounds for discharge which do not involve unsatisfactory work performance. See Lopez v. State Board of Education, 70 N.M. 166, 372 P.2d 121 (1962); compare Fort Sumner Municipal School Board v. Parsons (Ct.App.), 82 N.M. 610, 485 P.2d 366, decided April 23, 1971. Here, we are not attempting to outline the boundaries of the term "unsatisfactory work performance." Compare McAlister v. New Mexico State Board of Education (Ct.App.), 82 N.M. 731, 487 P.2d 159, decided June 11, 1971, Lenning v. New Mexico State Board of Education (Ct.App.), 82 N.M. 608, 485 P.2d 364, decided May 7, 1971. Our holding is simply that under the facts of this case, the punishment inflicted by the teacher comes within unsatisfactory work performance.

It is contended that the regulation should not be applicable because the purpose of § 77–8–18, supra, is to establish a procedure " * * * for correcting teaching performance that is correctible [sic]. * * *" Section 77–8–18, supra, and the State Board regulation is not limited to "teaching performance." The statute and the regulation refer to "work performance." Section 77–8–18, supra, does refer to "correcting" unsatisfactory work performance.

We assume, but do not decide, that if the work performance was not correctable, the statute and the regulation issued under its authority, would not be applicable. Here, however, there is nothing to show the teacher's action in imposing punishment in violation of known policy was not correctable. No finding was made as to this. The record shows that after the principal investigated reports concerning the punishments inflicted, the teacher was asked to confer with the principal and the superintendent and that this conference was held. As to what happened at the conference, the record shows the teacher denied the charges of impermissible punishment; that threats were made; that the teacher was given the option of resigning or having a recommendation to the School Board for his dismissal; that the teacher refused to resign. This evidence does not show that the teacher's conduct was not correctable.

There is evidence that the decision to recommend discharge to the Local Board was made because of "the seriousness of the nature of this situation." We agree that the evidence shows a serious situation.

The evidence of the nature of the punishments inflicted supports the argument that serious injury could have been inflicted on the punished students. Two examples suffice—that of hitting a student with a drumstick and that of kicking a student. Although the situation was serious, the question remains: was it correctable? There is neither evidence nor finding that it was not, and no evidence that any effort was made at any conference to correct the teacher's unsatisfactory work performance.

It is asserted that if the State Board regulation is applied in this case, " * * * local school boards will be seriously handicapped in dealing with situations, where as here proper administration of the educational program calls for the immediate removal of a teacher from the classroom." In support of this view, several cases from Illinois are cited for the proposition that the courts should not interfere with the judgment of the Local Board as to what is in the best interest of the schools. The answer to this contention is that the State Board is a constitutional body which controls, manages and directs the public schools as provided by law. Fort Sumner Municipal School Board v. Parsons, supra. Section 77–8–18, supra, authorizes the State Board to issue the regulation involved here concerning unsatisfactory work performance. Section 77–4–2, supra, makes a Local Board's supervision and control of the public school in its district "subject to the regulations of the state board." The "handicap" to the Local Board in dealing with the fact situation in this case is imposed by our constitution and statutes; efforts to change this "handicap" should be directed to the Legislature and the people.

The regulation requiring conferences for unsatisfactory work performance was applicable under the facts of this case, but was not followed. Yet, the State Board found " * * * the record does not disclose a substantial departure from the procedures and regulations prescribed by the New Mexico State Board of Education which is prejudicial to the appellant. * * * " This finding is not supported by the record.

The absence of the required conferences and the failure of the Local Board to attempt to correct the unsatisfactory work performance was a substantial departure from the State Board regulation. This failure to follow the regulation deprived the teacher of an opportunity to correct his unsatisfactory work performance and, thus, was prejudicial to him. See Tate v. New Mexico State Board of Education, 81 N.M. 323, 466 P.2d 889 (Ct.App.1970); Brininstool v. New Mexico State Board of Education, 81 N.M. 319, 466 P.2d 885 (Ct.App. 1970). The State Board's finding of "no substantial departure from regulations" and "no prejudice to the teacher" is not sustained by the record and, therefore, is unreasonable. Wickersham v. New Mexico State Board of Education, 81 N.M. 188, 464 P.2d 918 (Ct.App.1970).

The decision of the State Board is reversed. The cause is remanded with instructions to the State Board to reverse the decision of the Local Board.

It is so ordered.

HENDLEY, J., concurs.

SUTIN, Judge (dissenting).

I respectfully dissent.

This dissent is based upon my special concurring opinions in McAlister v. New Mexico State Board of Education, 82 N.M. 731, 487 P.2d 159, filed June 11, 1971, and Fort Sumner Municipal School Board v. Parsons, 82 N.M. 610, 485 P.2d 366, filed May 21, 1971.

Here, the State Board of Education examined the transcript of the record before the Local Board and found:

\* \* \* \* \* \*

2. That the record does not disclose a substantial departure from the pro-

cedures and regulations prescribed by the New Mexico State Board of Education which is prejudicial to the appellant and that there is evidence in the record to substantiate the findings of the Bloomfield Board of Education that good cause exists for discharging Charles M. Morgan.

The State Board of Education concluded that the decision of the Local Board should be affirmed. This is compliance with the powers vested in the State Board of Education in § 77–8–17(D) and (E), N.M.S.A. 1953 (Repl.Vol. 11, pt. 1).

It is now obvious that when we look behind the powers vested in the State Board of Education, we impair the efficiency of school administration. Whether local boards should or should not be seriously handicapped in its decisions is the responsibility of the State Board, not the court's. When we grasp the power of review beyond that granted by statute, we become advocates, not judges.

Section 77–2–2(T), N.M.S.A.1953 (Repl. Vol. 11, pt. 1; Supp.) provides that one of the duties to be performed by the State Board is:

T. review decisions made by the governing board or officials of any organization or association regulating any public school activity, and *any decision of the state board shall be final in respect thereto;* * * *. [Emphasis added.]

The legislature has spoken. It means what it says. In order to avoid judicial "Legisputation," we should recognize this duty granted the State Board. Cohen, Judicial "Legisputation" and the Dimensions of Legislative Meaning, 36 Ind.L.J. 414 (1961). "Legisputation" is a substitute for "judicial law-making" or "judicial legislation." If we follow accepted standards, we curb the excesses of judicial power.

The majority feeling otherwise, I respectfully dissent.