526 P.2d 825

**PENASCO INDEPENDENT SCHOOL DIS-
TRICT NO. 4, Plaintiff-Appellant,**

v.

**Alonzo H. LUCERO and the New Mexico
State Board of Education, De-
fendants-Appellees.**

**No. 1305.**

Court of Appeals of New Mexico.

Sept. 4, 1974.

Charles S. Solomon, Solomon & Roth, Santa Fe, for plaintiff-appellant.

Jerry Wertheim, Byron L. Treaster, Jones, Gallegos, Snead & Wertheim, Santa Fe, for defendant-appellee Lucero.

C. Emery Cuddy, Jr., John Templeman, Agency Asst. Attys. Gen., for N.M. Board of Education.

OPINION

HENDLEY, Judge.

After working eight consecutive years for the Penasco School District and becoming a tenure teacher (See § 77–8–11, N.M.S.A.1953 (Repl.Vol.1968, pt. 1)), appellee Lucero was refused re-employment for the 1973–74 year. During 1972–73 he

worked as an elementary school counselor. Before that he taught various subjects in the high school. At a termination hearing, the local school board found cause for refusal to reemploy Lucero in that: (1) funding for his position as elementary school counselor was unavailable in 1973–74, and (2) no other position was available for which he was qualified. See § 77–8–12, N.M.S.A.1953 (Repl.Vol.1968, pt. 1) and § 77–8–16, N.M.S.A.1953 (Repl.Vol. 1968, pt. 1), amended by Laws 1973, ch. 124, § 1. The State Board of Education reversed the local board's decision. See § 77–8–17, N.M.S.A.1953 (Repl.Vol.1968, pt. 1), amended by Laws 1973, ch. 124, § 2. The local board appeals, claiming there was substantial evidence to support its two findings. Lucero and the state board do not argue the substantiality of the evidence supporting the finding that funds were unavailable for the elementary school counselor's position. They argue solely that there was insubstantial evidence that no other position was available for which he was qualified. Our review is limited to this issue. See § 77–8–17(D), N.M.S.A. 1953 (Repl.Vol.1968, pt. 1). We agree with Lucero and the state board and affirm.

■ Under the unamended § 77–8–17, supra, the state board reviewed a procedurally correct local board finding of cause to terminate a tenure teacher only to determine if it was supported by substantial evidence. See Fort Sumner Municipal School Board v. Parsons, 82 N.M. 610, 485 P.2d 366 (Ct.App.1971). We review the state board's determination to assure it is not "arbitrary, unlawful, unreasonable or capricious." McCormick v. Board of Education, Etc., 58 N.M. 648, 274 P.2d 299 (1954); Wickersham v. New Mexico State Board of Education, 81 N.M. 188, 464 P.2d 918 (Ct.App.1970).

■ The controlling rule on the local board's power to terminate a tenure teacher was stated in Swisher v. Darden, 59 N. M. 511, 287 P.2d 73 (1955):

" . . . Absent grounds personal to the teacher, to terminate her services it . . . [is] necessary to show affirmatively that there . . . [is] no position available which she . . . [is] qualified to teach. . . ."

The Penasco board asserted no grounds personal to the teacher in this case. It was therefore up to them to prove the negative—that *no* position was available for which Lucero was qualified. They fail to do this.

The evidence establishes that Jose Rodriquez was a non-tenure teacher. He was to teach only "Resource Room—Special Education" at the high school in 1973–74. At the time of the local board hearing, he was not certified to teach special education. He was, however, enrolled in summer courses that would give him the requisite education for certification in the area. He was also certified to teach biology and general science.

Alonzo Lucero is a tenure teacher and had taught at the high school level prior to his year as counselor. He was not certified to teach special education at the time of the local board hearing. However, he repeatedly expressed a desire to take the same courses Rodriguez had enrolled in, become certified and teach special education. He was certified to teach biology and general science like Rodriguez. In addition he had certification in chemistry, social science, American history and world history. As to qualification for teaching special education measured by certification, he was in the same position as Rodriguez. There is nothing in the record to indicate he was educationally less qualified than Rodriguez to teach special education. The only mention of relative qualification to teach special education came from Superintendent Duran. The board's lawyer asked him: "In your opinion are you able to determine whether or not Jose Rodriguez would be a more effective resource person than Mr. Lucero?" Duran answered: "I am not able to determine as far as next year in the resource room. . . ."

The school district had, by hiring Rodriguez, found him to be qualified to teach special education, provided he took the summer courses. Since Lucero's qualifications on the record are as good or better than those of Rodriguez, and since Lucero is willing to attend the courses for which Rodriguez is enrolled, Lucero must also be considered qualified. Further, since Lucero has more additional certifications than Rodriguez, hiring him would if anything, expand the curriculum possibilities of the school. Compare Fort Sumner Municipal School Board v. Parsons, supra.

 The school district counters by contending that since Lucero did not teach any courses in the high school in the prior year, but was a counselor in the elementary school, the high school need not include him in its curriculum. The school district, however, does not assert that Lucero lost his tenure by working as elementary school counselor. Indeed, § 77–8–11, supra, requires only that a certified school instructor be " . . . employed by a school district . . . ." It does not limit that employment to teaching positions or to employment in a single school within that district. Although § 77–8–13, N.M.S.A.1953 (Repl.Vol.1968, pt. 1) excepts administrators from the tenure statute, a counselor is not an administrator. Any argument to that effect is without merit.

We affirm the decision of the state board. Appellee Alonzo Lucero must be reinstated.

It is so ordered.

SUTIN and LOPEZ, JJ., concur.