SCHOOL DISTRICTS — ANNEXATION — STATUS OF TEACHERS Pursuant to 70 O.S. 6-101 [70-6-101](E) (1971), an annexing school district is not required by law to employ for the ensuing fiscal year the teachers, whether tenured or nontenured, of the school or schools of the annexed school district that are closed because of the annexation if such annexation action is taken or known prior to July 1 of the ensuing fiscal year, regardless of whether such annexation is before or after April 10, the date by which notification of nonrenewal of the continuing teacher contract must be given. However, pursuant to 70 O.S. 7-104 [70-7-104] (1971), an annexing school district becomes liable for the balance of the current contracts of the teachers of the annexed school district for the current fiscal year if annexation is made prior to the end of the school year. The current obligations of the contracts of the teachers of any school or schools of an annexed school district not closed become the obligation of the annexing school district, and, thereby, pursuant to 70 O.S. 6-122.1 [70-6-122.1] (1975), which requires the annexing school district to give teachers credit for all tenure accumulated while teaching in the annexed district, the annexing school district must follow the applicable statutory procedure in terminating the contracts of the teachers of the annexed district who, by virtue of said statute, are of equal status with the teachers of the annexing district. If an entire school district is annexed by two or more school districts, pursuant to 70 O.S. 7-104 [70-7-104](B) (1975), the responsibility with respect to the aforesaid statutory obligations to the teachers of the annexed district is divided by agreement between the boards of education of the annexing school districts. If such boards of education are unable to agree, the matter is decided by the State Board of Education. The Attorney General has considered your request for an opinion wherein you ask the following questions: "1. If a school district is annexed to another school district after April 10th and before July 1, is the annexing district required by law to employ the teachers who were teaching in the annexed district; (a) if they are tenured teachers? (b) if they are not tenured teachers? "2. If a school district is annexed to another school district before April 10th is the annexing district required by law to employ the tenured teachers who were teaching in the annexed district? "3. In the event Question 1 or 2 is answered in the affirmative, how is responsibility determined when a school district is split and annexed to two different districts?" Title 70 O.S. 6-101 [70-6-101] (1971) sets out the provisions regarding written contracts with teachers. Paragraph E of said section provides, inter alia, that if prior to April 10, a board of education has not entered into a written contract with a regularly employed teacher or notified the teacher in writing that the teacher will not be employed for the ensuing fiscal year, such teacher shall be considered as employed on a continuing contract basis. Said paragraph further provides: ". . . That no district or any member of the board of education of a district shall be liable for the payment of compensation to a teacher under the provisions of the teacher's contract for the ensuing year, if it becomes necessary to close the school because of insufficient attendance, disorganization, annexation, consolidation, or by dispensing with the school according to law, provided, such cause is known or action is taken prior to July 1 of such ensuing year." Pursuant thereto, an annexing school district is not required to employ for the ensuing fiscal year the teachers employed in the schools of the annexed district which are closed. The only condition is that action for such annexation be taken before July 1, or that such annexation be known by that date. It does not matter whether such action is taken or cause known before or after April 10, if the school or schools of the annexed district are closed. Further, no distinction is made between tenured teachers and non-tenured teachers. Therefore, if the school or schools of an annexed district are closed, and such action is taken before July 1, or knowledge of the annexation exists before July 1, the annexing district is not required to hire for the ensuing fiscal year the teachers employed in the closed school or schools regardless of whether the teachers are tenured or non-tenured. However, annexation of school districts, regardless of whether the school or schools therein are closed, does not cancel the obligation concerning the current contracts of the teachers of such district. Title 70 O.S. 7-104 [70-7-104] (1975), provides, in part, as follows: "A. In case the area affected comprises an entire school district, and all of such area is annexed to only one other district, the district to which it is annexed shall become the owner of all the property and other assets of the disorganized district and shall be liable for the current debts and other obligations of such disorganized district, . . . "B. In case the area affected comprises an entire school district, and is annexed to two or more districts, then the current debts or obligations and property and other assets of the disorganized district shall be divided by agreement between the boards of education of the annexing districts, and the board of education of either of the annexing districts may purchase any such property or assets to effect a just division. If the boards of education are unable to agree, the matter shall be decided by the State Board of Education, and its decision shall be final. "C. In case the area affected is not an entire school district, the district to which the annexation is made shall not acquire any of the property or assets of the district from which the area affected is detached, except that any school building or buildings located in the affected area shall become the property of the district to which the affected area is annexed and all obligations pertaining thereto shall become the responsibility of the annexing district. . . ." Pursuant to 70 O.S. 7-104 [70-7-104] (1975), upon the annexation of a school district to another school district, or to two or more annexing districts, the annexing district or districts become liable for the current debts or obligations of the annexed district. Therefore, if, upon annexation of a school district the employment of the teacher or teachers thereof is terminated prior to the end of the current fiscal year and the expiration of the teachers' contracts currently in effect, the annexing district or districts become liable therefor. By the terms of 70 O.S. 6-101 [70-6-101] (1971), regarding the employment of teachers on a continuing contract basis, a board of education has an annual current obligation to notify a teacher prior to April 10, if the teacher will not be employed for the ensuing fiscal year. Pursuant to 70 O.S. 7-104 [70-7-104] (1975), whereby an annexing district, or annexing districts, become liable for the current obligations of the annexed school district, the annexing district or districts have the statutory obligation to notify the teacher or teachers of the annexed district of termination of their continuing contract, unless the school or schools of such teachers are closed on the ensuing fiscal year, and thereby come within the proviso of 70 O.S. 6-101 [70-6-101](E) (1975), supra. Title 70 O.S. 6-122.1 [70-6-122.1] (1975) states as follows: "No teacher who has accumulated tenure in one school district shall lose that accumulated tenure, if that school district is annexed, either voluntarily or involuntarily, by another school district. The annexing district shall give said teacher credit for all tenure accumulated while teaching in the annexed district." Upon the annexation of a school district, it is required that the annexing district or districts give a teacher of the annexed district credit for all tenure accumulated while teaching in the annexed district. Accordingly, where the school or schools of the annexed district are not closed upon annexation, the teachers of the annexed school district acquire the same tenure status as the teachers of the annexing district or districts, and are entitled to all the benefits conferred by reason of accumulated tenure. Hensley v. State Board of Education,71 N.M. 182, 376 P.2d 968 (1962). The statutory rights and benefits that accrue to teachers by reason of accumulated tenure become obligatory on the annexing district or districts with respect to the teachers of the annexed school district to the same extent that such are obligatory with respect to the teachers of the annexing district or districts. Therefore, in answer to your first and second questions, an annexing school district is not required to employ for the ensuing fiscal year those teachers, whether tenured or untenured, of the school or schools that are closed because of annexation if said annexation action is taken or known prior to July 1. The continuing contracts of the teacher or teachers of the school or schools of the annexed district which are not closed become current obligations of the annexing school district or districts, and, thereby, nonrenewal of any teacher's contract because of such annexation must be according to the applicable statutes. In answer to your third question, 70 O.S. 7-104 [70-7-104] (B) (1975), provides that in the case of an entire school district being annexed by two or more districts, the current obligations of the annexed district shall be divided by agreement between the boards of education of the annexing districts. And, if the boards of education are unable to agree, the matter shall be decided by the State Board of Education, which decision shall be final. It is, therefore, the opinion of the Attorney General, that pursuant to 70 O.S. 6-101 [70-6-101](E) (1971), an annexing school district is not required by law to employ for the ensuing fiscal year the teachers, whether tenured or nontenured, of the school or schools of the annexed school district that are closed because of the annexation if such annexation action is taken or known prior to July 1 of the ensuing fiscal year, regardless of whether such annexation is before or after April 10, the date by which notification of nonrenewal of the continuing teacher contract must be given. However, pursuant to 70 O.S. 7-104 [70-7-104] (1971), an annexing school district becomes liable for the balance of the current contracts of the teachers of the annexed school district for the current fiscal year if annexation is made prior to the end of the school year. The current obligations of the contracts of the teachers of any school or schools of an annexed school district not closed become the obligation of the annexing school district, and, thereby, pursuant to 70 O.S. 6-122.1 [70-6-122.1] (1976), which requires the annexing school district to give teachers credit for all tenure accumulated while teaching in the annexed district, the annexing school district must follow the applicable statutory procedure in terminating the contracts of the teachers of the annexed district who, by virtue of said statute, are of equal status with the teachers of the annexing district. If an entire school district is annexed by two or more school districts, pursuant to 70 O.S. 7-104 [70-7-104](B) (1975), the responsibility with respect to the aforesaid statutory obligations to the teachers of the annexed district is divided by agreement between the boards of education of the annexing school districts. If such boards of education are unable to agree, the matter is decided by the State Board of Education. (HAROLD B. McMILLAN, JR.) (ksg)